**C.P. NESLONEY, Appellant,**
v.
**The STATE of Texas, Appellee.**

No. 605–83.

Court of Criminal Appeals of Texas,
En Banc.

April 9, 1986.

---

Travis E. Kitchens, Jr., Groveton, for appellant.

Joe Warner Bell, Co. Atty., Groveton, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant was convicted of refusing to allow an employee of the Department of Parks and Wildlife to inspect aquatic products in his possession as per V.T.C.A., Parks and Wildlife Code, § 47.037. The court assessed punishment at a fine of $75.

The Fourteenth Court of Appeals in Houston held the statute unconstitutional on its face as a violation of the Fourth and Fourteenth Amendments to the United States Constitution and Art. 1, § 9 of the Texas Constitution. *Nesloney v. State,* 653 S.W.2d 582 (Tex.App.—Houston [14 Dist.] 1983). Specifically, the Court of Appeals rested its decision on the fact that the broad statute failed to make any distinction between residences and businesses in authorizing such inspections. We granted the State's petition for discretionary review to determine whether § 47.037 of the Parks and Wildlife Code is unconstitutional.

Section 47.037 reads:

No person may refuse to allow an employee of the department to inspect aquatic products handled by or in the possession of any commercial fisherman, wholesale fish dealer; or retail fish dealer at any time or in any place.

The United States Constitution, Amendment IV reads:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated, and no warrant shall issue, but upon probable cause, supported by an oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

The Texas Constitution, Article 1, § 9 reads:

The people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation.

Appellant refused to allow Game Warden Keith Ray Folterman to inspect suspected aquatic products in his residence. Folterman testified that he suspected that appellant had catfish in a vat in his residence, although he had no grounds for this suspicion and he admitted that he did not have probable cause to search. Folterman did

know that appellant had a commercial fishing license and a fish containment vat in his residence.[1] Appellant was taken to the county courthouse after his refusal to allow inspection and a complaint was filed against him. The Court of Appeals reversed appellant's conviction based on the constitutionality of the statute involved.

In *Camara v. Municipal Court of the City and County of San Francisco*, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967), the defendant refused to allow a warrantless inspection of his residence by an official of the Division of Housing Inspection of the San Francisco Department of Public Health. The attempted inspection was based on § 503 of the Housing Code which read:

> Section 503 RIGHT TO ENTER BUILDING. Authorized employees of the City department or City agencies, so far as may be necessary for the performance of their duties, shall, upon presentation of proper credentials, have the right to enter, at reasonable times, any building, structure, or premises in the City to perform any duty imposed on them by the Municipal Code.

A complaint was subsequently filed against the defendant charging him with refusing to permit a lawful inspection in violation of § 507 of the code, a penalty provision. The defendant argued that § 503 violated the Fourth and Fourteenth Amendments to the United States Constitution.

The Supreme Court in *Camara*, supra, rejected the defendant's claim that such inspections must be based on probable cause as that term is generally understood, but held the statute unconstitutional because it allowed a warrantless inspection of residences. The Court stated that while the statute included several procedural safeguards, i.e., the requirements of proper credentials, inspections at reasonable times and inspections limited to proper statutory duties, "broad statutory safeguards are no substitute for individualized review, ..." *Camara*, 87 S.Ct. at 1733.

The Court of Appeals properly points out that § 47.037 does not even include any procedural safeguard. There is no limit on the type of building to be inspected. There is no limit on the times of inspections. .

■ We agree with the holding of the Court of Appeals and adopt it here:

> Appellant was convicted under § 47.037 because he refused to allow the game warden to search his residence without a warrant. Section 47.037 does not distinguish between residences and businesses in authorizing such searches, but provides for an inspection at any time or any place. Thus, we hold that § 47.037 on its face violates the Fourth Amendment of the United States constitution and Article 1, § 9 of the Texas constitution, which prohibits unreasonable searches.

*Nesloney*, supra at 585

. The State argues that, as a franchisor, the State has the right to inspect aquatic products in the possession of commercial fishermen. We agree. However, the current authority for such inspections embodied in § 47.037 is unconstitutional. Another statute may be framed in such a manner as to be constitutional.

■ The State further argues that there is a difference between a search and an inspection. This semantic argument is

---

**1.** V.T.C.A., Parks and Wildlife Code, § 47.001(1) defines "commercial fisherman" as:

> ... a person who catches fish, oysters, or other edible aquatic products from the water of this State for pay or for the purpose of sale, barter, or exchange.

Section 47.001(3) defines "wholesale fish dealer" as:

> ... a person engaged in the business of buying for the purpose of selling, canning, preserving, processing, or handling for shipments or sale of fish, oysters, shrimp, or other commercial edible aquatic products to retail fish dealers, hotels, restaurants, cafes or consumers.

Section 47.001(4) defines "retail fish dealer" as:

> ... a person in the business of buying for the purpose of sale to a consumer fresh or frozen edible aquatic products.

wholly without merit. As the Supreme Court in *Camara*, supra, said:

> We may agree that a routine inspection of the physical condition of private property is a less hostile intrusion than the typical policeman's search for the fruits and instrumentalities of crime ... But we cannot agree that the Fourteen Amendment interests at stake in these inspection cases are merely 'peripheral.' It is surely anomalous to say that the individual and his private property are fully protected by the Fourth Amendment only when the individual is suspected of criminal behavior. For instance, even the most law-abiding citizen has a very tangible interest in limiting the circumstances under which the sanctity of his home may be broken by official authority, for the possibility of criminal entry under the guise of official sanction is a serious threat to personal and family security ... [I]nspections of the kind we are here considering do in fact jeopardize 'self-protection' interests of the property owner. Like most regulatory laws, fire, health, and housing codes are enforced by criminal processes. In some cities, discovery of a violation by the inspector leads to criminal complaint. Even in cities where discovery of a violation produces only an administrative compliance order, refusal to comply is a criminal offense, and the fact of compliance is verified by a second inspection, again without a warrant. Finally, as this case demonstrates, refusal to permit an inspection is itself a crime, punishable by fine or even by jail sentence.

*Camara*, 87 S.Ct. at 1732.

Accordingly, the judgment of the Court of Appeals reversing the trial court is affirmed and the prosecution dismissed.

TEAGUE, J., concurs in result.

McCORMICK, J., dissents.

WHITE, J., not participating.