**Billy Jack BAGGETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 634–85, 635–85 and 636–85.**

Court of Criminal Appeals of Texas.

Jan. 14, 1987.

* PART II OF THE OPINION IS NOT TO BE     PUBLISHED BY ORDER OF THE COURT.

Carl A. Parker, Port Arthur, for appellant.

James S. McGrath, Dist. Atty., and John R. DeWitt, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant pleaded guilty to possession of improperly labeled speckled sea trout, (# 634–85), and redfish, (# 635–85), and also pleaded guilty to refusal to allow inspection of fish, (# 636–85). Appellant was assessed a $500 fine for each conviction of improperly labeled fish and $105 fine for refusal to allow inspection.

On direct appeal appellant argued that House Bill 1000, 67th Leg., p. 374, ch. 153, effective Sept. 1, 1981, which amended several sections of the Parks and Wildlife Code primarily dealing with redfish and speckled sea trout, was unconstitutional because the caption to the bill failed to give the public fair notice of its contents. See *Ex Parte Crisp*, 661 S.W.2d 944 (Tex.Cr. App.1983). Appellant also argued that § 47.037 of the Parks and Wildlife Code was an unconstitutional violation of the Fourth Amendment to the United States Constitution and of Art. I, § 9 of the Texas Constitution. The Beaumont Court of Appeals held both statutes constitutional. However, all three convictions were reversed and the causes remanded for new trials due to ineffective assistance of counsel. *Baggett v. State*, 673 S.W.2d 908 (Tex. App.—Beaumont 1984). Appellant did not move for rehearing or file a petition for further review of his constitutional claims. After again pleading guilty to all three offenses appellant was assessed the same fines and appealed on the same grounds. The Beaumont Court of Appeals affirmed appellant's convictions applying the "law of the case" doctrine, holding that since all of appellant's allegations had already been adversely resolved against him and he had made no showing that the prior decision was clearly wrong, appellant had waived any error. *Baggett v. State*, 09–84–103 CR, 09–84–104 CR, 691 S.W.2d 777, 09–84–105 CR, 691 S.W.2d 779 (delivered May 8, 1985). We granted appellant's petition for discretionary review in order to review the Court of Appeals' determination on the constitutionality of Housebill 1000 and § 47.-037 of the Parks and Wildlife Code.

In connection with his convictions for improper labels (Nos. 634–85 and 635–85) appellant argues that H.B. 1000 which included the amendment to § 66.101 of the Parks and Wildlife Code, which is the section violated by appellant in the instant case, is unconstitutional because its caption does not give fair notice to readers of the subject matter of the amendments contained in the bill.

In the general election conducted on November 4, 1986, Article III, Section 35 of the Texas Constitution was amended so that it reads as follows,

Section 35. (a) No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject.

(b) The rules of procedure of each house shall require that the subject of each bill be expressed in its title in a manner that gives the legislature and the public reasonable notice of that subject. *The legislature is solely responsible for determining compliance with the rule.*

(c) *A law, including a law enacted before the effective date of this subsection, may not be held void on the basis of an insufficient title.* (emphasis added).

Apparently, as a result of the recent amendment this Court no longer has the power to declare an act of the legislature unconstitutional due to the insufficiency of its caption. Appellant's grounds of error concerning cause numbers 634–85 and 635–85 are overruled.

■ Turning to cause number 636–85, dealing with appellant's refusal to allow inspection of fish, appellant argues that § 47.037 of the Parks and Wildlife Code[1] is unconstitutional. We agree. In our recent opinion of *Nesloney v. State*, 711 S.W.2d 636 (Tex.Cr.App.1986), confronted with similar facts, we held the statute to be a facial violation of the Fourth Amendment to the United States Constitution and Art. I, § 9 of the Texas Constitution. We so held because the statute allows warrantless searches without even one procedural safeguard which would limit such warrantless searches to particular types of buildings or certain times of day. The State invites us to limit our holding in *Nesloney,* supra, to its facts, i.e., that the statute is unconstitutional only when applied to residences. We decline the invitation. In *Nesloney,* supra, we held the statute unconstitutional on its face, not as applied.

Accordingly, the judgments of the Court of Appeals in cause numbers 634–85 and 635–85 are affirmed and the judgment of the Court of Appeals in cause number 636–85 is reversed and the cause ordered dismissed.

---

1. Section 47.037 of the Parks and Wildlife Code reads:

   No person may refuse to allow an employee of the department to inspect aquatic products handled by or in the possession of any commercial fisherman, wholesale fish dealer, or retail fish dealer at any time or in any place.