Arthur Dodson ADAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–86–0451–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 5, 1987.

David Bires, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., William J. Delmore, III, Harris Co. Asst. Dist. Atty., Houston, for appellee.

Before EVANS, C.J., and DUGGAN and LEVY, JJ.

## OPINION

LEVY, Justice.

This is an appeal from the revocation of appellant's probation. He was convicted of driving while intoxicated and was sentenced to six months to jail, probated for two years, and a $200 fine. Upon his subsequent conviction for driving while license suspended, the court revoked his probation and sentenced him to 45 days in jail.

Appellant's only point of error alleges that his conviction should be declared void because the caption to the amendment of the Texas DWI statute was unconstitutional. He argues that the caption did not give fair notice that the amendment changed the definition of DWI to include operating a motor vehicle in any public place, rather than, as the law previously provided, on a public highway, road, street, etc. He cites Texas Const. art. III, sec. 35, as providing that a legislative bill may include no more than one subject, to be embraced in the caption.

At the November 4, 1986 election, article III, section 35 was amended to read, in pertinent part:

Sec. 35. (a) No bill ... shall contain more than one subject.

(b) The rules of procedure of each house shall require that the subject of each bill be expressed in its title in a manner that gives the legislature and the public reasonable notice of that subject. The legislature is solely responsible for determining compliance with the rule.

(c) A law, including a law enacted before the effective date of this subsection, may not be held void on the basis of an insufficient title.

Tex. Const. art. III, sec. 35 (See text of adopted amendments in Vernon Supp.1987 of Vol. 1 of Vernon's Annotated Texas Constitution).

The constitutional amendment provides that even laws enacted before its effective date may not be held void because of an inadequate caption. This adversely disposes of appellant's contention. *Baggett v. State*, 722 S.W.2d 700 (Tex.Crim.App.1987) (not yet reported).

Appellant's point of error is overruled. The judgment of the trial court is affirmed.