**Louis Anthony STEWART, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 1255–85.

Court of Criminal Appeals of Texas, En Banc.

Jan. 27, 1988.

John W. Segrest, Court Appointed, Waco, for appellant.

Vic Feazell, Dist. Atty. and Crawford Long, Asst. Dist. Atty., Waco, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

PER CURIAM.

On November 7, 1985, just three days after the voters of this State elected to approve amending Article III, § 35, of the Texas Constitution, to prohibit the courts of this State, including this Court, from declaring an act of the Legislature unconstitutional due to the insufficiency of its caption, the Tenth Court of Appeals (Waco), notwithstanding that it had rejected the claim of Louis Anthony Steward, hereinafter appellant, that the trial judge had erred in overruling his motion to dismiss for failure of the State to comply with the provisions of the Speedy Trial Act, see Art. 32A.01 et seq., V.A.C.C.P., held that because of the caption to the Speedy Trial Act, the Act was unconstitutional. See *Stewart v. State*, 699 S.W.2d 695 (Tex.App. —10th 1985).

We granted appellant's petition for discretionary review solely on the issue whether the court of appeals erred in holding that because of the caption to the Speedy Trial Act the Act was unconstitutional. We did not grant appellant's petition to consider and make the determination whether the court of appeals correctly decided his contention that the trial judge erred in failing to dismiss the indictment in this cause because the State failed to satisfy the provisions of Art. 32A.01, supra.

Given the decision of the voters of this State, and for the reasons expressed in this Court's opinion of *Baggett v. State*, 722 S.W.2d 700, 702 (Tex.Cr.App.1987), which held that "as a result of the recent amendment [neither] this Court [nor any intermediate appellate court] ... has the power to declare an act of the legislature unconstitutional due to the insufficiency of its caption," the court of appeals clearly erred in ruling that because of the caption to the

Act the Speedy Trial Act was unconstitutional.

Given our above holding, that the court of appeals erred, ordinarily we would remand the cause to the court of appeals. However, because of this Court's majority opinion of *Meshell v. State*, 739 S.W.2d 246 (Tex.Cr.App.1987), which held that the Speedy Trial Act was unconstitutional, because it violated the separation of powers provision of the Texas Constitution, to remand this cause to the court of appeals would amount to the useless expenditure of this State's limited judicial resources.

Therefore, we will affirm the judgment of the court of appeals which affirmed the judgment of the trial court.