George James SANTIKOS, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–87–393–CR.

Court of Appeals of Texas,
Corpus Christi.

June 30, 1988.

Ken McLean, Houston, for appellant.

George J. Filley, III, Dist Atty., Victoria, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

OPINION

NYE, Chief Justice.

Appellant, George James Santikos, pled nolo contendere to possession of cocaine. The trial court assessed punishment at two years' confinement in the Texas Department of Corrections, probated for two years plus a $2500.00 fine. We affirm.

On April 28, 1986, a mixed beverage permit was issued by the Texas Alcoholic Beverage Commission to the Cowgirl Club, Inc., d/b/a the Cowgirl Club. In July 1986, agent White of the Texas Alcoholic Beverage Commission, received a complaint concerning narcotics on the premises of the Cowgirl Club. White relayed this information to his supervisor, Martinez.

On Friday, July 18, 1986, Martinez and White went to the Cowgirl Club for the purpose of conducting a routine inspection. They arrived at the club at about 8:30 p.m., asked to see the manager or owner, and were taken to an office inside the club. They met appellant in the office and advised him that they wanted to inspect the premises for violations of the Texas Alcoholic Beverage Code. Appellant gave his permission and unlocked a filing cabinet in this office, allowing Martinez to inspect its contents. Inside this cabinet, Martinez discovered a grinder, scale, and an inhaler. All contained traces of cocaine. In the meantime, White searched the office restroom and found a vial of cocaine.

In his first point of error, appellant argues that the search was a subterfuge or pretext to discover a violation of the Controlled Substance Act. A person may waive the protections afforded by U.S. Const. amend. IV against unreasonable searches and seizures by consenting to a search. *Stephenson v. State*, 494 S.W.2d

900, 903 (Tex.Crim.App.1973). Before consent can be effective, the prosecution must prove by clear and convincing evidence that the consent was given freely and voluntarily. *Fancher v. State*, 659 S.W.2d 836, 839 (Tex.Crim.App.1983). Whether consent to search was voluntarily given is a question of fact determined from the totality of the circumstances.

■ By accepting a license or permit issued by the Texas Alcoholic Beverage Commission, the holder consents that the commission, its authorized representative, or a peace officer may enter the premises at any time to conduct an investigation or inspect the premises for the purpose of performing any duty imposed by the Texas Alcoholic Beverage Code. Tex.Alco.Bev. Code Ann. § 101.04 (Vernon 1978). A licensee or his agent, servant or employee may not possess a narcotic or any equipment used or designated for the administering of a narcotic nor may he permit a person on the premises to do so. Tex.Alco. Bev.Code Ann. § 104.01(9) (Vernon Supp. 1988). The Texas Alcoholic Beverage Commission is charged with the responsibility of investigating violations of the Texas Alcoholic Beverage Code. Tex.Alco.Bev.Code Ann. § 5.36 (Vernon Supp.1988).

■ The facts in the case before us indicate that: (1) a complainant told White about narcotics at the Cowgirl Club, (2) Martinez and White were authorized to enter the office, (3) the office was located within a licensed premises, (4) Martinez informed appellant of the motive for the inspection, and (5) appellant consented to the inspection of the premises and the filing cabinet. We find that this search fell within the scope of the Texas Alcoholic Beverage Code because Martinez and White searched the premises for the purpose of detecting a violation of such code. We find that appellant voluntarily consented to the search that resulted in the seizure of the cocaine. We therefore hold that the trial court properly overruled appellant's motion to suppress evidence of items found in his possession as a result of the agents' inspection. Appellant's first point of error is overruled.

■ In his second point of error, appellant argues that Tex.Alco.Bev.Code Ann. § 101.04 (Vernon 1978) is facially unconstitutional as it fails to provide procedural safeguards limiting warrantless searches to certain times of the day or night or to reasonable business hours. Tex.Alco.Bev. Code Ann. § 101.04 (Vernon 1978) provides that an establishment licensed to sell alcoholic beverages can be inspected at "any time."

A San Antonio ordinance providing for the inspection of massage parlors "whenever such inspection is deemed necessary" was held *not* to be facially unconstitutional. *Pollard v. Cockrell*, 578 F.2d 1002, 1014 (5th Cir.1978). The Fifth Circuit Court of Appeals held that the San Antonio ordinance did not authorize unreasonable searches, and therefore it cannot be presumed that this provision of the ordinance could be unreasonably applied. There is no material difference between the provision upheld in *Pollard* and that challenged by appellant in Tex.Alco.Bev.Code Ann. § 101.04 (Vernon 1978).

Appellant calls our attention to *Baggett v. State*, 722 S.W.2d 700, 702 (Tex.Crim. App.1987) and *Nesloney v. State*, 711 S.W. 2d 636, 638 (Tex.Crim.App.1986). In these two cases, the Court of Criminal Appeals determined that Tex.Parks & Wild.Code Ann. § 47.037 (Vernon 1978) was a facial violation of U.S. Const. amend. IV and Tex. Const. art. 1 § 9 (Vernon 1984) because the statute provided for warrantless inspections of aquatic products at "any time or in any place" without providing procedural safeguards limiting such inspections to particular buildings or times of day.

Tex.Parks & Wild.Code Ann. § 47.037 (Vernon 1978) is distinguishable from Tex. Alco.Bev.Code Ann. § 101.04 (Vernon 1978). The latter statute does not authorize the inspection of any place but refers to "licensed premises." Regarding the time for inspection, any person engaging in the sale of liquor, which has a long history of close government supervision, impliedly consents to the entry by authorities for the purpose of inspection and enforcement of valid regulatory schemes. *Almeida—San-*

*chez v. United States*, 413 U.S. 266, 270–271, 93 S.Ct. 2535, 2538, 37 L.Ed.2d 596 (1973).

We hold Tex.Alco.Bev.Code Ann. § 101.04 (Vernon 1978) is constitutional because it does not authorize unreasonable searches, nor can we presume that the provision of this statute referring to the time for inspection will be applied unreasonably. Appellant's second point of error is overruled.

■ In his last point of error, appellant challenges the constitutionality of Tex. Alco.Bev.Code Ann. § 104.01(9) (Vernon Supp.1988), as it authorizes warrantless searches for evidence of criminal activity not related to liquor control.

In the content of a regulatory inspection scheme of a business that is carefully limited to time, place, and scope, the legality of the inspection depends not on consent but on the *authority* of a valid statute. *United States v. Biswell*, 406 U.S. 311, 315, 92 S.Ct. 1593, 1596, 32 L.Ed.2d 87 (1972). The discovery of evidence of crimes in the course of an otherwise proper administrative inspection does not render the search illegal or the administrative scheme suspect. *New York v. Burger*, — U.S. —, 107 S.Ct. 2636, 2651, 96 L.Ed.2d 601 (1987).

Tex.Alco.Bev.Code Ann. §§ 104.01(9) and 5.36 (Vernon Supp.1988) *authorize* the Texas Alcoholic Beverage Commission to investigate a licensed premises for the presence of narcotics or equipment used or designed for the administering of narcotics.

This statute does not authorize searches for evidence of any criminal activity but narrowly limits the search to evidence of narcotics or equipment used in the administering of narcotics.

In *Burger*, police inspected defendant's junkyard pursuant to a New York statute authorizing warrantless inspections of automobile junkyards. In reversing defendant's conviction for possession of stolen vehicles and parts, the New York Court of Appeals said that the statute authorized searches undertaken solely to uncover evidence of criminal activity and not to enforce a regulatory scheme. The United States Supreme Court, in reversing the New York Court of Appeals, held that the statute did fall within the exception to the warrant requirement and stated that a state can address a serious social problem such as automobile theft both by way of an administrative scheme and through penal sanctions. An administrative scheme may have the same ultimate purpose as penal laws. *Burger*, — U.S. —, 107 S.Ct. at 2636–2644.

Texas faces a major social problem in narcotics possession and traffic and has a substantial interest in regulating its liquor industry because of this problem. Tex. Alco.Bev.Code Ann. § 104.01(9) (Vernon Supp.1988) meets the regulatory goal of ensuring that licensees are legitimate business persons and that licensed premises do not become havens for the possession or sale of narcotics or for the possession and sale of equipment used in administering narcotics.

We hold Tex.Alco.Bev.Code Ann. § 104.01(9) (Vernon Supp.1988) to be constitutional. Appellant's third point of error is overruled.

The judgment of the trial court is AFFIRMED.