**George James SANTIKOS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 923–88.

Court of Criminal Appeals of Texas, En Banc.

June 3, 1992.

Ken J. McLean, Houston, for appellant.

George J. Filley, III, Dist. Atty., and Cynthia T. Sheppard, Asst. Dist. Atty., Victoria, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S MOTION FOR REHEARING

McCORMICK, Presiding Judge.

We withdraw our prior opinion and adopt the following as the opinion of the Court.

Appellant, George James Santikos, pled nolo contendere to the unlawful possession of a controlled substance, cocaine. The trial court assessed punishment at two years' confinement, probated, plus a $2500.00 fine. On direct appeal, the Corpus Christi Court of Appeals overruled appellant's three points of error and affirmed his conviction. *Santikos v. State*, 754 S.W.2d 416 (Tex.App.–Corpus Christi 1988). We granted appellant's petition for discretionary review to determine whether the Court of Appeals correctly held that the administrative search provision in Section 101.04 of the Texas Alcoholic Beverage Code (hereinafter T.A.B.C.) is constitutional under the Fourth and Fourteenth Amendments to the United States Constitution, and Article I, Section 9 of the Texas Constitution.[1] We shall affirm.

On April 28, 1986, the Texas Alcoholic Beverage Commission issued a mixed beverage permit to the Cowgirl Club, Inc., d/b/a the Cowgirl Club. On July 18, 1986, at approximately 8:30 p.m. during the club's regular business hours, three agents of the Commission went to the club to inspect the premises for violations of the Texas Alcoholic Beverage Code pursuant to Section 101.04 of the Code. Appellant consented to the inspection and voluntarily unlocked a filing cabinet in the office of the club. The agents discovered drug paraphernalia[2] in the filing cabinet and a vial of cocaine in the office restroom. Appellant's pretrial motion to suppress this evidence was denied and appellant subsequently pled nolo contendere to possession of cocaine.

On direct appeal, appellant contended, among other things, that Section 101.04 was facially unconstitutional because the section failed to limit inspections conducted pursuant to the statute to certain times of the day or night or to reasonable business hours. The Court of Appeals first determined that the inspection of appellant's club occurred during regular business hours, and then held Section 101.04 to be constitutional because "it does not authorize unreasonable searches, nor can we presume that the provision of this statute referring to the time for inspection will be applied unreasonably." *Santikos v. State*, 754 S.W.2d at 419. See *Pollard v. Cockrell*, 578 F.2d 1002, 1014 (5th Cir.1978) (San Antonio ordinance held constitutional because it did not authorize unreasonable searches nor would it be presumed that search provision would be unreasonably applied).

Section 101.04 of the Texas Alcoholic Beverage Code states:

> "By accepting a license or permit, the holder consents that the commission, an authorized representative, or a peace officer may enter the premises at any time to conduct an investigation or inspect the premises for the purpose of performing any duty imposed by this code."

This section thus provides for warrantless, administrative inspections or searches of premises licensed by the Texas Alcoholic Beverage Commission. Appellant now contends that Section 101.04 is facially invalid because it fails to limit adequately the time that statutory warrantless inspections may occur.

The Supreme Court of the United States has held that warrantless inspections of

---

1. We note that appellant challenges the constitutionality of Section 101.04 under both the Texas and the Federal Constitutions. Although this Court recently determined that we shall not be bound by United States' Supreme Court decisions addressing the Fourth Amendment when analyzing Article I, Section 9 of the Texas Constitution, appellant neither argues the constitutional provisions separately nor contends that there are reasons for distinguishing the two provisions in this case. *Heitman v. State*, 815 S.W.2d 681, 690 (Tex.Cr.App.1991). Moreover, when this Court has previously addressed both federal and state constitutional challenges to Section 101.04, T.A.B.C., it has relied on Supreme Court decisions interpreting the Fourth Amendment. See *Crosby v. State*, 750 S.W.2d 768 (Tex.Cr.App.1987), and *McDonald v. State*, 778 S.W.2d 88 (Tex.Cr.App.1989). Consequently, we shall not distinguish between the constitutional provisions, but find them to be the same for the purpose of analyzing the constitutionality of the warrantless administrative search provision in Section 101.04.

2. The agents discovered a grinder, scale and inhaler, all of which contained traces of cocaine, in the filing cabinet.

commercial premises in certain highly regulated industries may be valid exceptions to the Fourth Amendment warrant requirement if three criteria are met. *New York v. Burger*, 482 U.S. 691, 107 S.Ct. 2636, 96 L.Ed.2d 601 (1987). First, there must be a substantial government interest that informs the regulatory scheme pursuant to which the inspection or warrantless search is made. Second, the warrantless inspection must be necessary to further the regulatory scheme. Third, the statutory provision must provide "a constitutionally adequate substitute for a warrant" so as to limit properly the discretion of the officers performing the inspection. *New York v. Burger*, 482 U.S. at 708–710, 107 S.Ct. at 2647–2648, 96 L.Ed.2d 601 (1987). In defining how to restrict constitutionally the discretion of the inspectors, the Supreme Court stated that the statute must carefully limit the inspection "in time, place, and scope." *New York v. Burger*, 482 U.S. at 703, 107 S.Ct. at 2644, citing *United States v. Biswell*, 406 U.S.311 at 315, 92 S.Ct. 1593 at 1596, 32 L.Ed.2d 87 (1972).

A plurality of this Court has previously determined that Section 101.04 meets the first two criteria enunciated by the Supreme Court in *Burger*. *Crosby v. State*, 750 S.W.2d 768, 775 (Tex.Cr.App.1987). See *Colonnade Corp. v. United States*, 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60 (1970) (liquor industry long subject to close supervision and inspection). The plurality in *Crosby* also determined that Section 101.04 limits the scope of inspections but expressly left unanswered the question raised by appellant: whether Section 101.04 adequately limits the time and place of the statutory warrantless inspections as required by the third criteria in *Burger*. *Crosby v. State*, 750 S.W.2d at 771, n. 2, 775.

In a subsequent opinion, however, this Court held that Section 101.04 altogether does not violate the Fourth and Fourteenth Amendments to the United States Constitution nor does it violate Article I, Section 9 of the Texas Constitution. *McDonald v. State*, 778 S.W.2d 88, 91 (Tex.Cr.App.1989). Although the majority in *McDonald* clearly held that Section 101.04 satisfies the three criteria enunciated in *Burger*, we shall address appellant's point of error because the opinion in *McDonald* did not expressly address appellant's allegation that the language "at any time" renders Section 101.04 facially unconstitutional.

■ A facial challenge to a statute is the most difficult challenge to mount successfully because the challenger must establish that no set of circumstances exists under which the statute will be valid. *United States v. Salerno*, 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987); *Briggs v. State*, 789 S.W.2d 918, 923 (Tex.Cr.App. 1990). Since a statute may be valid as applied to one set of facts and invalid as applied to another, "it is incumbent upon the [appellant] to show that in its operation the statute is unconstitutional as to him in his situation; that it may be unconstitutional as to others is not sufficient." *Parent v. State*, 621 S.W.2d 796, 797 (Tex.Cr.App. 1981). See *Briggs v. State*, 740 S.W.2d 803, 806 (Tex.Cr.App.1987).

This rule conforms with the criterion for standing to challenge the facial constitutionality of a statute as enunciated by the Supreme Court of the United States:

"A party has standing to challenge the constitutionality of a statute only insofar as it has an adverse impact on his own rights. As a general rule, if there is no constitutional defect in the application of the statute to a litigant, he does not have standing to argue that it would be unconstitutional if applied to third parties in hypothetical situations. *Broadrick v. Oklahoma*, 413 U.S. 601, 610, 37 L.Ed.2d 830, 93 S.Ct. 2908 (and cases cited). A limited exception has been recognized for statutes that broadly prohibit speech protected by the First Amendment. (cites omitted)."

*Ulster County Court v. Allen*, 442 U.S. 140, 154–155, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).

Since Section 101.04 does not fall within the First Amendment exception, appellant must demonstrate that the statute was unconstitutionally applied to him.

■ The testimony from appellant's trial revealed that the inspection of the Cowgirl Club took place at 8:30 p.m. during the regular business hours of the club and during the hours the club was permitted to serve liquor under the Alcoholic Beverage Code. See Section 105.01, T.A.B.C. So, notwithstanding the "at any time" language in Section 101.04, the inspecting officers in appellant's case chose to inspect the club during its regular business hours. Therefore, we conclude that despite the "at any time" language in Section 101.04 the inspectors in appellant's case did not arbitrarily and indiscriminately use Section 101.04 to inspect or search the club without a warrant. See *New York v. Burger*, 482 U.S. at 711, 107 S.Ct. at 2648 (Supreme Court determined that New York statute placed appropriate restraints upon discretion of inspectors because inspection was allowed only "during regular and usual business hours"). Compare *Baggett v. State*, 722 S.W.2d 700 (Tex.Cr.App.1987); *Nesloney v. State*, 711 S.W.2d 636 (Tex.Cr. App.1986) (statutory language "any place, any time" in Section 47.037 of the Parks and Wildlife Code constitutionally inadequate to support warrantless searches). Section 101.04 was clearly not unconstitutionally applied to appellant. See *United States v. Salerno*, 481 U.S. at 745, 107 S.Ct. at 2100, 95 L.Ed.2d at 707 (just because a statute might operate unconstitutionally under some circumstances is insufficient to render it invalid). Under *Broadrick v. Oklahoma*, supra, therefore, we need not reach the question of the facial validity of Section 101.04, supra.

Accordingly, the judgment of the Court of Appeals is affirmed.

BAIRD and BENAVIDES, JJ., not participating.

CLINTON, Judge, dissenting.

Because the majority fails to demonstrate that § 101.04 meets the criteria laid down by the Supreme Court of the United States for such "inspection" statutes to pass constitutional muster in, e.g., *Donovan v. Dewey*, 452 U.S. 594, 101 S.Ct. 2534, 69 L.Ed.2d 262 (1981), and further explicat-ed in *New York v. Burger*, 482 U.S. 691, 107 S.Ct. 2636, 96 L.Ed.2d 601 (1987), I respectfully dissent.

Particularly the majority does not, and indeed cannot, find that this statute constitutes a "constitutionally adequate substitute for a warrant," *Donovan v. Dewey*, supra, 452 U.S., at 603, 101 S.Ct. at 2540, 69 L.Ed.2d at 272; cf. *New York v. Burger*, supra, 482 U.S., at 710, 107 S.Ct. at 2648, 96 L.Ed.2d at 619. See *McDonald v. State*, 778 S.W.2d 88 (Tex.Cr.App.1989) (Clinton, J., dissenting at 91).

MALONEY, J., joins.