IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-142-CR





JOE SHELDON KOTRLA,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY



NO. 32736-2, HONORABLE ROBERT F. B. MORSE, JUDGE PRESIDING



 






 After finding appellant guilty of operating a motorcycle upon a public street without
wearing approved headgear, Tex. Rev. Civ. Stat. Ann. art. 6701c-3 (West Supp. 1993), the court
assessed a fine of fifty dollars. Appellant, pro se, challenges the constitutionality of art. 6701c-3.

 Appellant urges that the Act is discriminatory in that no exemption is granted
people with medical conditions other than severe head or facial injuries that would be worsened
if headgear is worn and that article 6701c-3 is unrealistic in providing fewer exemptions than the
safety belt law. Tex. Rev. Civ. Stat. Ann. art. 6701d, § 107C (West Supp. 1993). Article 6701c-3 provides in part:



Sec. 2  (a) Except as provided by Subsection (b) of this section, a person may not
operate a motorcycle on a public street or highway of this state unless he wears
protective headgear that meets standards adopted by the Department of Public
Safety, nor may any person carry a passenger on a motorcycle on a public street
or highway of this state unless the passenger wears protective headgear that meets
standards adopted by the Department of Public Safety, nor may any person ride as
a passenger on a motorcycle on a public street or highway of this state unless he
wears protective headgear that meets standards adopted by the Department of
Public Safety.


 (b)  It is a defense to prosecution under Subsection (a) of this section that,
at the time the offense was committed, the person required by Subsection (a) of this
section to wear protective headgear:


 (2)  presented to the arresting peace officer a medical exemption that
conforms to the requirements of Subsections (c) and (d) of this section.


 (c) A medical exemption may only be issued by a practicing physician
licensed to practice medicine by the Texas State Board of Medical Examiners to
a person who has sustained an acute head or facial injury that would be worsened
if the person wore protective headgear.



 Appellant has not shown that the challenged statute is unconstitutional as it is
applied to him. The burden one bears who challenges a statute under these circumstances is set
forth in Santikos v. State, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992):



A facial challenge to a statute is the most difficult challenge to mount successfully
because the challenger must establish that no set of circumstances exists under
which the statute will be valid. Since a statute may be valid as applied to one set
of facts and invalid as applied to another, "it is incumbent upon the [appellant] to
show that in its operation the statute is unconstitutional as to him in his situation;
that it may be unconstitutional as to others is not sufficient."


This rule conforms with the criterion for standing to challenge the facial
constitutionality of a statute as enunciated by the Supreme Court of the United
States:


"A party has standing to challenge the constitutionality of a statute only insofar as
it has an adverse impact on his own rights. As a general rule, if there is no
constitutional defect in the application of the statute to a litigant, he does not have
standing to argue that it would be unconstitutional if applied to third parties in
hypothetical situations. A limited exception has been recognized for statutes that
broadly prohibit speech protected by the First Amendment."



(Citations omitted).

 Since art. 6701c-3 places no limitation on First Amendment rights and appellant
has failed to demonstrate that the statute is unconstitutional as applied to him, we hold that
appellant has no standing to challenge its constitutionality.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

[Before Justices Jones, Kidd and Davis*]

Affirmed

Filed: May 5, 1993

[Do Not Publish]





































* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).