OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

May 6, 2002

The Honorable Phil Garrett
Palo Pinto County Attorney
P. O. Box 190
Palo Pinto, Texas 76484

Opinion No. JC-0500

Re: Constitutionality of racial profiling statute under article III, section 35 of the Texas Constitution (RQ-0467-JC)

Dear Mr. Garrett:

You ask whether Senate Bill 1074 of the Seventy-seventh Texas Legislature, relating to the prevention of racial profiling by certain peace officers, is unconstitutional for failure to meet the "title" or "caption" requirement stated in article III, section 35 of the Texas Constitution.[1] *See* Act of May 24, 2001, 77th Leg., R.S., ch. 947, 2001 Tex. Gen. Laws 1900 (codified at TEX. CODE CRIM. PROC. ANN. arts. 2.131-.138, 3.05 (Vernon Supp. 2002); TEX. EDUC. CODE ANN. § 96.641(j) (Vernon Supp. 2002); TEX. OCC. CODE ANN. §§ 1701.253(e), .402(d) (Vernon Supp. 2002); TEX. TRANSP. CODE ANN. § 543.202 (Vernon 2002)). Senate Bill 1074 does not violate the title requirement in article III, section 35 of the Texas Constitution.

Provisions enacted by Senate Bill 1074 provide that "[a] peace officer may not engage in racial profiling" and define "racial profiling" as "a law enforcement-initiated action based on an individual's race, ethnicity, or national origin rather than on the individual's behavior or on information identifying the individual as having engaged in criminal activity." TEX. CODE CRIM. PROC. ANN. arts. 2.131, 3.05 (Vernon Supp. 2002). The bill establishes recording and reporting requirements and education requirements for police chiefs and police officers. *See id.* arts. 2.132-.138; TEX. EDUC. CODE ANN. § 96.641(j); TEX. OCC. CODE ANN. §§ 1701.253(e), .402(d); TEX. TRANSP. CODE ANN. § 543.202. The title of Senate Bill 1074 provides as follows: "An act relating to the prevention of racial profiling by certain peace officers." Act of May 24, 2001, 77th Leg., R.S., ch. 947, 2001 Tex. Gen. Laws 1900. You argue that the title does not comply with article III, section 35 of the Texas Constitution and that Senate Bill 1074 is therefore unconstitutional in its entirety.

Article III, section 35 of the Texas Constitution provides as follows:

(a) No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject.

---

[1]*See* Letter from Honorable Phil Garrett, Palo Pinto County Attorney, to Susan Denmon Gusky, Chair, Opinion Committee, Office of Attorney General (Nov. 15, 2001) (on file with Opinion Committee).

(b) The rules of procedure of each house shall require that the subject of each bill be expressed in its title in a manner that gives the legislature and the public reasonable notice of that subject. The legislature is solely responsible for determining compliance with the rule.

(c) A law, including a law enacted before the effective date of this subsection, may not be held void on the basis of an insufficient title.

TEX. CONST. art. III, § 35.

Subsection (a) of article III, section 35 was amended and subsections (b) and (c) were adopted by the voters on November 4, 1986. *See* Tex. S.J. Res. 33, 69th Leg., R.S., 1985 Tex. Gen. Laws 3363; "Constitution of the State of Texas Amendments Adopted in 1986 and 1987," 70th Leg., 2d C.S., 1987 Tex. Gen. Laws 1021. Before the 1986 amendment to article III, section 35, the caption requirement was enforceable by the courts, which could declare void any portion of an act not encompassed in its caption. *See* TEXAS LEGISLATIVE COUNCIL, ANALYSES OF PROPOSED CONSTITUTIONAL AMENDMENTS 10-11 (1986) (amendments appearing on the November 4, 1986, ballot); TEXAS LEGISLATIVE COUNCIL DRAFTING MANUAL 5 (Oct. 2000); *see also Ex parte Crisp*, 661 S.W.2d 944, 947 (Tex. Crim. App. 1983) (en banc). A caption requirement is included in many state constitutions in reaction to the "Yazoo Act" of 1798, in which a Georgia legislature, under the guise of an act for the payment of "late state troops," made large land grants to private persons. *See Ex parte Crisp*, 661 S.W.2d at 951; 1 GEORGE D. BRADEN *et al.*, THE CONSTITUTION OF THE STATE OF TEXAS: AN ANNOTATED AND COMPARATIVE ANALYSIS 169 (1977). The purpose of the title requirement was to give notice to the public and the legislature of the subject of the bill. *See* TEXAS LEGISLATIVE COUNCIL, ANALYSES OF PROPOSED CONSTITUTIONAL AMENDMENTS 10 (1986). This requirement was particularly important when bills were handwritten and copies were not readily available, but the purpose of giving notice is now better served "by the abundance of information available about each bill, including multiple printings, bill analyses, and fiscal notes." *Id.* at 11. The amendment to article III, section 35 "provide[d] that the legislature is solely responsible for enforcing the rule and prohibit[ed] the invalidation of past and future enactments on the basis of a defective title." *Id.* at 10. Judicial decisions holding a law unconstitutional for a defective title do not apply to article III, section 35 as it now reads.

The Texas Supreme Court and the Texas Court of Criminal Appeals have both addressed the application of article III, section 35 to titles since the 1986 amendment to that provision. The Texas Supreme Court has stated that "laws will no longer be struck down because of a deficiency in title, no matter how egregious." *Ford Motor Co. v. Sheldon*, 22 S.W.3d 444, 452 (Tex. 2000). The Court of Criminal Appeals has stated that, as a result of the amendment to article III, section 35, "this court no longer has the power to declare an act of the legislature unconstitutional due to the insufficiency of its caption." *Baggett v. State*, 722 S.W.2d 700, 702 (Tex. Crim. App. 1987) (en banc). Accordingly, no enactment of the legislature may be held invalid under Texas Constitution, article

III, section 35 for a deficiency in title. Senate Bill 1074 is not unconstitutional for failure to meet the title requirement stated in that provision.

### S U M M A R Y

No enactment of the Texas Legislature may be held invalid for a deficiency in title under article III, section 35 of the Texas Constitution, as amended in 1986. Senate Bill 1074 is not unconstitutional for failure to meet the title requirement in article III, section 35 of the Texas Constitution.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee