# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00711-CR

**William Browning, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
### NO. 2024289, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After his motion to quash the indictment was overruled, appellant William Browning pleaded guilty to violating the requirements of his civil commitment as a sexually violent predator. *See* Tex. Health & Safety Code Ann. § 841.085 (West 2003). As called for in a plea bargain agreement, the court sentenced appellant to six years' imprisonment. In his only point of error, appellant urges that the prosecution should have been dismissed because section 841.085 is unconstitutional on its face. We will overrule this contention and affirm the conviction.

Title 11 of the Texas Health and Safety Code establishes a procedure for the civil commitment of persons found to be sexually violent predators. *See id*. §§ 841.001-.147 (West 2003 & Supp. 2004). Broadly speaking, a sexually violent predator is a person with more than one conviction for a sexually violent offense who is likely to reoffend. *See id*. § 841.003(a) (West 2003). Persons civilly committed pursuant to Title 11 are required to comply with commitment

requirements to ensure their compliance with treatment and supervision and to protect the community. *Id*. § 841.082 (West Supp. 2004). The violation of a commitment requirement is a third-degree felony. *Id*. § 841.085 (West 2003).

Appellant argues that section 841.085 violates the constitutional guarantee against cruel and unusual punishments because a prison term of two to ten years is constitutionally disproportionate to the violation of a commitment requirement. *See* U.S. Const. amend. VIII; Tex. Const. art. I, § 13;[1] *and see* Tex. Pen. Code Ann. § 12.34 (West 2003) (third-degree felony punishment). He asserts that "the range of punishment itself is excessive, cruel and unusual, and thus renders the statute unconstitutional. No punishment that could be imposed under [the statute] would be constitutionally proportionate to the underlying conduct."

A facial challenge to a statute is the most difficult challenge to mount successfully because the challenger must establish that no set of circumstances exists under which the statute will be valid. *United States v. Salerno*, 481 U.S. 739, 745 (1987); *Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992). This necessarily means that he must demonstrate that the statute is unconstitutional as applied to him in his situation. *Santikos*, 836 S.W.2d at 633. In this cause, however, appellant does not contend that section 841.085 was unconstitutionally applied to him. To the contrary, he concedes that there is no record on which to base such a contention. Because this cause does not implicate First Amendment rights, appellant does not have standing to assert the

---

[1] Appellant does not contend that the two constitutions differ in the degree of protection they provide.

2

constitutional rights of others. *See Ulster County Court v. Allen*, 442 U.S. 140, 154-55 (1979); *Santikos*, 836 S.W.2d at 633.

Appellant relies on *Solem v. Helm*, 463 U.S. 277, 284 (1983) (Eighth Amendment "prohibits . . . sentences that are disproportionate to the crime committed"), and *Ewing v. California*, 538 U.S. 11, 22 (2003) (quoting *Solem*). In those cases, however, the question presented was whether the punishment imposed *in that case* was disproportionate to the offense and offender. *See Ewing*, 538 U.S. at 14; *Solem*, 463 U.S. at 279; *and see Harmelin v. Michigan*, 501 U.S. 957, 961-62 (1991); *Rummel v. Estelle*, 445 U.S. 263, 265 (1980). These opinions do not hold that a legislatively determined punishment classification can be disproportionate to the statutory offense to which it is applied without regard to the facts of the particular case in which the issue is raised.

Because appellant has failed to demonstrate that section 841.082 was unconstitutionally applied in this cause, his challenge to the statute must fail. The judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: July 29, 2004

Do Not Publish