IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00244-CR

 

Joe Wilbur White, Jr.,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 272nd District
Court

Brazos County, Texas

Trial Court No. 07-05150-CRF-272

 



MEMORANDUM  Opinion



 








            A jury convicted Joe Wilbur
White, Jr. of possession of a prohibited weapon, namely a short-barrel shotgun. 
The trial court sentenced White to ten years in prison, suspended imposition of
sentence for ten years, and placed him on community supervision.  In two points
of error, White contends that: (1) sections 46.01 and 46.05 of the Penal Code
are unconstitutional; and (2) the trial court erred by denying his motion for
directed verdict.  We affirm.

 

CONSTITUTIONALITY OF SECTIONS 46.01 and
46.05

In his first point, White maintains that
sections 46.01 and 46.05 of the Penal Code are facially unconstitutional due to
vagueness.

A statute is void for vagueness if it
fails to define the criminal offense “with sufficient definiteness that
ordinary people can understand what conduct is prohibited and in a manner that
does not permit arbitrary and discriminatory enforcement.” Lawrence v. State, 240
S.W.3d 912, 915 (Tex. Crim. App. 2007).  A
facial challenge to a statute is the most difficult challenge to mount
successfully because the challenger must establish that no set of circumstances
exists under which the statute will be valid.  Santikos v. State, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992).  Since a
statute may be valid as applied to one set of facts and invalid as applied to
another, “it is incumbent upon the [appellant] to show that in its operation
the statute is unconstitutional as to him in his situation; that it may be
unconstitutional as to others is not sufficient.”  Id. 

Section 46.05 provides that a person
commits an offense if he intentionally or knowingly possesses a short-barrel
firearm.  Tex. Pen. Code Ann. §
46.05(a)(3) (Vernon Supp. 2008).  A “short-barrel firearm” is defined as a
“rifle with a barrel length of less than 16 inches or a shotgun with a
barrel length of less than 18 inches, or any weapon made from a shotgun or
rifle if, as altered, it has an overall length of less than 26 inches.”  Tex.
Pen. Code Ann. § 46.01(10) (Vernon Supp. 2008) (emphasis added).

White argues that these provisions fail
to explain how the barrel should be measured, leaving “the statute to be
enforced in an arbitrary manner.”  Specifically, a short-barrel firearm could
be found compliant if measured one way and yet be found non-compliant if
measured another way.  That scenario is not present in this case.  Police measured
the barrel of the 12-gauge pump shotgun with a tape measure and found its
length to be 15 3/4 inches.  At trial, Sergeant Brett Boswell measured the
barrel with a dowel and found its length to be 16 1/4 inches.  As the State
points out, both lengths fall below the legal 18-inch minimum; thus, White has
not shown that the statutes
are unconstitutional as to him in his situation.  See Santikos, 836 S.W.2d at 633.  We, therefore, overrule point
one.

DENIAL OF MOTION FOR DIRECTED VERDICT

In point two, White challenges the
denial of his motion for directed verdict, arguing that a fatal variance exists
between the indictment and the evidence at trial.

A complaint about a trial court’s
failure to grant a motion for directed verdict is a challenge to the legal
sufficiency of the evidence.  See Canales v. State, 98 S.W.3d 690, 693 (Tex. Crim.
App. 2003); see also Long v. State, 137 S.W.3d 726, 736 (Tex.
App.—Waco 2004, pet denied).  Under legal sufficiency review,
we look at all the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct.
2781, 2789, 61 L. Ed. 2d 560 (1979); Bigon v. State, 252 S.W.3d 360, 366 (Tex. Crim.
App. 2008).

When faced with a legal insufficiency
claim based upon a variance
between the indictment
and the proof, only a material variance
will render the evidence insufficient. Gollihar v. State, 46 S.W.3d 243, 257 (Tex. Crim.
App. 2001).  Allegations giving rise to an immaterial variance may
then be disregarded in a hypothetically correct jury charge but allegations
giving rise to material variances must be included.  Id.  A variance is material
if the indictment (1) failed to inform the defendant of the charge against him
sufficiently to allow him to prepare an adequate defense at trial, or (2) does
not describe the offense clearly enough to protect the defendant from being
subjected to the risk of later prosecution for the same crime.  Id.

The indictment alleged that White
“intentionally or knowingly possess[ed] a short barrel firearm, to-wit: a
shotgun with a sawed off barrel measuring 15 3/4 inches.”  At trial, the
evidence showed the barrel length as 16 1/4 inches.

White argues that this variance is
material and prejudiced his substantial rights.  We disagree.  The indictment
specifically alleged the elements of the offense: intentional or knowing possession
of a short-barrel firearm, namely a shotgun.  See Tex. Pen. Code Ann. § 46.05(a)(3).  A
short-barrel shotgun is defined by statute as one with a barrel length of less
than eighteen inches.  See Tex.
Pen. Code Ann. § 46.01(10). 
The record does not suggest that White was confused about the offense with
which he was charged or that his ability to prepare a defense was impaired.  He
was charged with possessing a short-barrel shotgun with a barrel length less
than eighteen inches and this is what the evidence showed.  Nor is White in any
danger of being prosecuted again for the same crime.  The variance is immaterial. 
See Flenteroy v. State,
187 S.W.3d 406, 411 (Tex. Crim. App. 2005) (Finding “variance between the indictment’s allegation of a
‘screwdriver’ and the State’s proof at trial of ‘a hard metal-like object’”
immaterial); see also Gollihar, 46 S.W.3d at 258 (Finding variance
between indictment alleging one go-cart model number and the evidence showing
another model number immaterial).

Although the record shows that the
actual barrel length is 16 1/4 inches rather than 15 3/4 inches as alleged in
the indictment, the evidence at trial established that the barrel length of the
shotgun was within the prohibited range.  The jury could have found beyond a
reasonable doubt that White committed the offense of possession of a prohibited
weapon, namely a short-barrel shotgun with a barrel length less than eighteen
inches.  See Jackson, 443 U.S. at 318-19, 99 S. Ct.
at 2789; see also Bigon, 252 S.W.3d at 366.  We
overrule point two.

The judgment is affirmed. 

 

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Affirmed

Opinion
delivered and filed July 1, 2009

Do not publish

[CR25]