# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00126-CR

**Jerry Sherry, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT
### NO. 14,887, HONORABLE CHRISTOPHER DARROW DUGGAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant of driving while intoxicated, third offense or more; he was sentenced to 50 years in prison. *See* Tex. Penal Code §§ 49.04, .09(b) (enhancing offense under 49.04, intoxicated while operating motor vehicle in public place, to third-degree felony). In a single appellate issue, appellant argues that section 724.012 of the Texas Transportation Code, which provides for the involuntary taking of a blood specimen, is facially unconstitutional in light of *Missouri v. McNeely,* 133 S. Ct. 1552, 1556 (2013) (holding that natural metabolization of alcohol in bloodstream does not present per se exigency justifying exception to Fourth Amendment's warrant requirement for nonconsensual blood testing in all drunk-driving cases). We affirm.

## BACKGROUND

Appellant was stopped by Department of Public Safety Trooper Christopher Wray for failure to wear his seatbelt. After detecting the odor of an intoxicating beverage, Trooper Wray

asked appellant to step out of the vehicle to perform a "horizontal gaze nystagmus" test; during testing, Trooper Wray observed six possible indicators of intoxication. Appellant subsequently failed to complete the walk and turn field sobriety test, failed to recite the alphabet, failed to count from one to forty, and declined to submit to a breath test. Following appellant's refusal of a breath test, Trooper Wray arrested appellant and took him to Smithville Regional Hospital for a blood draw as authorized by Texas Transportation Code section 724.012. *See* Tex. Transp. Code § 724.012(b)(3)(B).[1]

At trial, Trooper Wray testified that the blood evidence was statutorily obtained on the basis of his knowledge that appellant had prior convictions for driving while intoxicated, which he obtained from the Department of Public Safety database. Forensic chemist James Burris also testified that he examined appellant's blood and found it to contain .152 grams of alcohol per 100 milliliters of whole blood, which is nearly twice the legal limit. *See* Tex. Penal Code § 49.01(2)(B). Appellant was convicted by the jury for the offense as charged and was sentenced pursuant to the

---

[1] As relevant to this case, the statute's specific language states:

(b) A peace officer shall require the taking of a specimen of the person's breath or blood under any of the following circumstances if the officer arrests the person for an offense under Chapter 49, Penal Code, involving the operation of a motor vehicle or a watercraft and the person refuses the officer's request to submit to the taking of a specimen voluntarily:

. . . .

(3) at the time of the arrest, the officer possesses or receives reliable information from a credible source that the person:

. . . .

(B) on two or more occasions, has been previously convicted or placed on community supervision for an offense under Section 49.04, 49.05, 49.06, or 49.065, Penal Code.

Tex. Transp. Code § 724.012(b)(3)(B).

habitual-offender provision of the penal code to 50 years' imprisonment in the Texas Department of Criminal Justice. *See* Tex. Penal Code § 12.42(d). On appeal, appellant argues that Texas Transportation Code section 724.012, the statute under which Trooper Wray obtained appellant's blood sample, is unconstitutional in light of *Missouri v. McNeely*, 133 S. Ct. 1552.

## DISCUSSION

Appellant asserts a facial challenge to the constitutionality of section 724.012 of the Texas Transportation Code, asserting that "no set of circumstances exists under which the statute will be valid." *See Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992). Appellant did not raise this challenge in the trial court. Relying on *Garcia v. State*, 887 S.W.2d 846 (Tex. Crim. App. 1994), appellant argues that a defendant may raise a constitutional challenge to the *facial* validity of a statute for the first time on appeal. *See id.* at 861 (stating that because statute was not facially unconstitutional, appellant was required to raise objection in trial court to preserve error for appeal). However, the Texas Court of Criminal Appeals has since held that "a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute." *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009). As an intermediate court of appeals, we are bound to follow the precedent of the court of criminal appeals. *See* Tex. Const. art. V, § 5(a) (court of criminal appeals is final authority for criminal law in Texas).

In light of *Karenev*, we hold that because appellant did not challenge the facial validity of section 724.012 of the Texas Transportation Code at trial, he may not raise the issue of its constitutionality for the first time on appeal. We overrule appellant's sole issue.

3

**CONCLUSION**

Having overruled appellant's sole issue, we affirm the trial court's judgment of conviction.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Goodwin and Field

Affirmed

Filed:   August 16, 2013

Do Not Publish

4