

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00298-CR

———————————————

RODERICK MORENO, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 5
Tarrant County, Texas
Trial Court No. 1569276

Before Birdwell, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Roderick Moreno was convicted of misdemeanor assault and sentenced to one year in jail. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b). In two points on appeal, Moreno challenges the facial constitutionality of two statutes under which he was assessed costs: a $40 jury fee under Article 102.004(a) of the Texas Code of Criminal Procedure and a $25 district attorney fee under Article 102.008(a) of the same.[1] We affirm.

When the constitutionality of a statute is attacked, we usually begin with the presumption that the statute is valid. *Ex parte Lo*, 424 S.W.3d 10, 14–15 (Tex. Crim. App. 2013). Generally, a facial challenge to the constitutionality of a statute can succeed only when it is shown that the law is unconstitutional in all its applications. *State v. Johnson*, 475 S.W.3d 860, 864 (Tex. Crim. App. 2015). "A facial challenge to a statute is the most difficult challenge to mount successfully because the challenger must establish that no set of circumstances exists under which the statute will be valid." *Ex parte Shires*, 508 S.W.3d 856, 863 (Tex. App.—Fort Worth 2016, no pet.) (quoting *Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992) (op. on reh'g)).

Moreno asserts that Articles 102.004(a) and 102.008(a) are facially unconstitutional because in all their applications, they violate separation of powers

---

[1]Articles 102.004(a) and 102.008(a) have been repealed effective January 1, 2020, but the repeal does not apply to offenses committed before the effective date, such as Moreno's offense. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, §§ 1.19(1), (4), 5.01 (S.B. 346).

principles. But separation of powers is not violated if the statute under which court costs are assessed (or an interconnected statute) provides that such court costs are to be expended for legitimate criminal justice purposes. *Salinas v. State*, 523 S.W.3d 103, 106–07 (Tex. Crim. App. 2017). The answer to that question is determined by what the governing statute says about the intended use of the funds, not whether funds are actually used for a criminal justice purpose. *Id.* at 107. A criminal justice purpose is one that relates to the administration of our criminal justice system. *Peraza v. State*, 467 S.W.3d 508, 517–18 (Tex. Crim. App. 2015).

In two recent opinions, we explored at length whether these articles are constitutional, and we concluded that both articles—and the web of statutes with which they are interconnected—properly allocate their fees to legitimate criminal justice purposes. *See Alvarez v. State*, 571 S.W.3d 435, 440–41 (Tex. App.—Fort Worth 2019, pet. ref'd) (addressing Article 102.004(a)); *Tyler v. State*, 563 S.W.3d 493, 500–03 (Tex. App.—Fort Worth 2018, no pet.) (addressing Article 102.008(a)). But in subsequent opinions, we have rejected similar constitutional challenges against these articles summarily and without discussion; we considered these matters settled. *See Sheppard v. State*, No. 02-18-00187-CR, 2019 WL 1065920, at *1 (Tex. App.—Fort Worth Mar. 7, 2019, pet. ref'd) (mem. op., not designated for publication) (overruling, in only two sentences, a constitutional challenge to Article 102.004(a)); *Alvarez*, 571 S.W.3d at 440 (same as to Article 102.008(a)).

We have already spoken on the very questions that Moreno raises, and he offers no reason to revisit our prior holdings. We therefore overrule both of his points and affirm the trial court's judgment.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  March 26, 2020