COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-373-CR

 

 

ORSON DEMOND JENKINS                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL
DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Pursuant to a plea bargain, Appellant Orson
Demond Jenkins pled guilty to robbery and was placed on deferred adjudication
for five years.  More than three years
after Appellant was placed on deferred adjudication, the State filed a petition
to adjudicate, alleging that Appellant had violated the terms of his deferred
adjudication community supervision.  Appellant
pled true to the allegations that he had violated the deferred adjudication
community supervision requirements that he (1) avoid injurious or vicious
habits and (2) pay various fees and costs. 
The trial court revoked his deferred adjudication community supervision,
adjudicated his guilt, and sentenced him to six years=
confinement in the Institutional Division of the Texas Department of Criminal
Justice.  In one point, Appellant
contends that article 42.12, section (5)(b) is unconstitutional,[2]
in that it denies a defendant the right to a non-arbitrary decision by a
neutral and impartial court, in violation of the equal protection and due
process protections of the federal and state constitutions.  Specifically, he complains that the statute
allows the trial court unlimited discretion regardless of the evidence to
support such revocation. 

To the extent that Appellant is complaining that
the statute is unconstitutional as applied to him, he has failed to preserve
his complaint in the trial court by making an objection or getting a ruling.[3]  To the extent that he raises a facial
challenge, the Texas Court of Criminal Appeals has explained,








A facial challenge to a statute is the most difficult challenge to
mount successfully because the challenger must establish that no set of
circumstances exists under which the statute will be valid.  Since a statute may be valid as applied to
one set of facts and invalid as applied to another, Ait is incumbent upon the
(appellant) to show that in its operation the statute is unconstitutional as to
him in his situation; that it may be unconstitutional as to others is not
sufficient.@  

 

This rule conforms with the criterion for standing to challenge the
facial constitutionality of a statute as enunciated by the Supreme Court of the
United States:

 

A party has standing to
challenge the constitutionality of a statute only insofar as it has an adverse
impact on his own rights.  As a general
rule, if there is no constitutional defect in the application of the statute to
a litigant, he does not have standing to argue that it would be
unconstitutional if applied to third parties in hypothetical situations.[4]  

 








Appellant must therefore demonstrate that article
42.12, section 5(b) was unconstitutionally applied to him.  At the hearing, Appellant pled true to the
allegation that he had violated the condition that he A[a]void
injurious or vicious habits and abstain from the illegal use of controlled
substances, marijuana, cannabinoids or excessive consumption of alcoholic
beverages.@ 
Specifically, Appellant pled true to several instances of testing
positive for illegal drug use.  He also
testified that he had used cocaine during his deferred adjudication community
supervision.  Accordingly, the evidence
is sufficient to support the revocation.[5]  Appellant therefore has failed to show that
the trial court=s decision to proceed to
adjudication is based on whim rather than sufficient evidence.  Consequently, his facial challenge to the
statute also fails.  We overrule
Appellant=s sole point and affirm the
trial court=s judgment.

 

PER CURIAM

PANEL F:    DAUPHINOT, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  September 21, 2006











[1]See Tex. R. App. P. 47.4.





[2]Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2006).





[3]See Tex. R. App. P. 33.1(a); Mendez v.
State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004); Mosley v. State,
983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999).





[4]Santikos v. State, 836 S.W.2d 631, 633-34 (Tex. Crim. App.) (op. on reh=g), cert.
denied, 506 U.S. 999 (1992).





[5]See Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); Sanchez v.
State, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).