COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-373-CR

ORSON DEMOND JENKINS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Pursuant to a plea bargain, Appellant Orson Demond Jenkins pled guilty to robbery and was placed on deferred adjudication for five years.  More than three years after Appellant was placed on deferred adjudication, the State filed a petition to adjudicate, alleging that Appellant had violated the terms of his deferred adjudication community supervision.  Appellant pled true to the allegations that he had violated the deferred adjudication community supervision requirements that he (1) avoid injurious or vicious habits and (2) pay various fees and costs.  The trial court revoked his deferred adjudication community supervision, adjudicated his guilt, and sentenced him to six years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  In one point, Appellant contends that article 42.12, section (5)(b) is unconstitutional,
(footnote: 2) in that it denies a defendant the right to a non-arbitrary decision by a neutral and impartial court, in violation of the equal protection and due process protections of the federal and state constitutions.  Specifically, he complains that the statute allows the trial court unlimited discretion regardless of the evidence to support such revocation. 

To the extent that Appellant is complaining that the statute is unconstitutional as applied to him, he has failed to preserve his complaint in the trial court by making an objection or getting a ruling.
(footnote: 3)  To the extent that he raises a facial challenge, the Texas Court of Criminal Appeals has explained,

A facial challenge to a statute is the most difficult challenge to mount successfully because the challenger must establish that no set of circumstances exists under which the statute will be valid.  Since a statute may be valid as applied to one set of facts and invalid as applied to another, “it is incumbent upon the (appellant) to show that in its operation the statute is unconstitutional as to him in his situation; that it may be unconstitutional as to others is not sufficient.”  

This rule conforms with the criterion for standing to challenge the facial constitutionality of a statute as enunciated by the Supreme Court of the United States:

A party has standing to challenge the constitutionality of a statute only insofar as it has an adverse impact on his own rights.  As a general rule, if there is no constitutional defect in the application of the statute to a litigant, he does not have standing to argue that it would be unconstitutional if applied to third parties in hypothetical situations.
(footnote: 4)  

Appellant must therefore demonstrate that article 42.12, section 5(b) was unconstitutionally applied to him.  At the hearing, Appellant pled true to the allegation that he had violated the condition that he “[a]void injurious or vicious habits and abstain from the illegal use of controlled substances, marijuana, cannabinoids or excessive consumption of alcoholic beverages.”  Specifically, Appellant pled true to several instances of testing positive for illegal drug use.  He also testified that he had used cocaine during his deferred adjudication community supervision.  Accordingly, the evidence is sufficient to support the revocation.
(footnote: 5)  Appellant therefore has failed to show that the trial court’s decision to proceed to adjudication is based on whim rather than sufficient evidence.  Consequently, his facial challenge to the statute also fails.  We overrule Appellant’s sole point and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  September 21, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon Supp. 2006).

3:
See
 
Tex. R. App. P.
 33.1(a); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004);
 Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
,
 
526 U.S. 1070 (1999).

4:
Santikos v. State
, 836 S.W.2d 631, 633-34 (Tex. Crim. App.) (op. on reh’g), 
cert. denied
, 506 U.S. 999 (1992).

5:
See Moore v. State
, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); 
Sanchez v. State
, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).