COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-221-CR

 

 

KYLE PRAVEEN SINGHAL                                                     APPELLANT

A/K/A
KYLE SINGHAL

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Pursuant to a plea bargain,
Appellant Kyle Praveen Singhal pled guilty to one count of possession of child
pornography.  The trial court accepted
his plea, deferred an adjudication of guilt, and placed him on deferred
adjudication community supervision for ten years.  About seven months later, the State filed a
petition to proceed to adjudication, alleging that Appellant had violated
several conditions of his deferred adjudication community supervision.  Appellant rejected a plea offer of eight
years= confinement and entered an open plea of true to the State=s allegations.  Only Appellant
testified at the hearing, and the State made no arguments on punishment.  After the hearing, the trial court
adjudicated Appellant=s guilt,
revoked his community supervision, and sentenced him to eight years= confinement.

In one point, Appellant
contends that his due process rights under Article I, Sections 19 and 29 of the
Texas Constitution were violated when his probation was revoked under article 42.12,
section 5(b) of the Texas Code of Criminal Procedure and that article 42.12,
section 5(b) is facially unconstitutional because it denies probationers due
process.  To the extent that Appellant is
complaining that the statute is unconstitutional as applied to him, he has
failed to preserve his complaint in the trial court by making an objection or
getting a ruling.[2]

To the extent that he raises
a facial challenge, the Texas Court of Criminal Appeals has explained,








A facial challenge to a statute is the most
difficult challenge to mount successfully because the challenger must establish
that no set of circumstances exists under which the statute will be valid.  Since a statute may be valid as applied to
one set of facts and invalid as applied to another, Ait is
incumbent upon the (appellant) to show that in its operation the statute is
unconstitutional as to him in his situation; that it may be unconstitutional as
to others is not sufficient.@  

 

This rule conforms with the criterion for
standing to challenge the facial constitutionality of a statute as enunciated
by the Supreme Court of the United States:

 

A party has standing to challenge the constitutionality of a statute
only insofar as it has an adverse impact on his own rights.  As a general rule, if there is no
constitutional defect in the application of the statute to a litigant, he does
not have standing to argue that it would be unconstitutional if applied to
third parties in hypothetical situations.[3]        

Appellant must therefore
demonstrate that article 42.12, section 5(b) was unconstitutionally applied to
him.  But in his brief, Appellant states
that

[h]e
does not mean to say that [the trial court] abused the statute, but as
presently interpreted a trial court could, in theory, revoke the probations of
all blue-eyed probationers on the ground that he or she preferred brown-eyed
probationers, . . . and the probationer would have no recourse. . . . The
government has always been recognized as providing a neutral decision-maker[,]
one who is not improperly biased against the individual and guided by
principles of fairness.  To be sure,
[A]ppellant does not suggest that [the trial court] lacks those qualities . . .
.

 








At the hearing, Appellant pled
true to the State=s allegation
that he had violated various conditions of his community supervision.  Specifically, he testified that he had
consumed alcoholic beverages, had used computers, had left the county without
permission, and had been to the library, all in violation of the
conditions.  Accordingly, the evidence is
sufficient to support the revocation.[4]

Appellant therefore has
failed to show that the trial court=s decision to proceed to adjudication in his case was based on
anything other than sufficient evidence. 
By failing to show that the statute was unconstitutionally applied to
him, Appellant also failed to establish the standing necessary to successfully
raise a facial challenge to the statute; consequently, his facial challenge to
the statute must also fail.  We overrule
Appellant=s sole point
and affirm the trial court=s judgment.

PER CURIAM

PANEL F:    DAUPHINOT, WALKER,
and MCCOY, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 22, 2007











[1]See Tex.
R. App. P. 47.4.





[2]See Tex.
R. App. P. 33.1(a); Mendez v. State, 138 S.W.3d 334, 341 (Tex.
Crim. App. 2004); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App.
1998) (op. on reh=g), cert. denied, 526
U.S. 1070 (1999).





[3]Santikos
v. State, 836 S.W.2d 631, 633-34 (Tex. Crim. App.) (op.
on reh=g), cert.
denied, 506 U.S. 999 (1992).





[4]See
Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel
Op.] 1980); Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim. App.
[Panel Op.] 1980).