COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-221-CR

KYLE PRAVEEN SINGHAL APPELLANT

A/K/A KYLE SINGHAL

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Pursuant to a plea bargain, Appellant Kyle Praveen Singhal pled guilty to one count of possession of child pornography.  The trial court accepted his plea, deferred an adjudication of guilt, and placed him on deferred adjudication community supervision for ten years.  About seven months later, the State filed a petition to proceed to adjudication, alleging that Appellant had violated several conditions of his deferred adjudication community supervision.  Appellant rejected a plea offer of eight years’ confinement and entered an open plea of true to the State’s allegations.  Only Appellant testified at the hearing, and the State made no arguments on punishment.  After the hearing, the trial court adjudicated Appellant’s guilt, revoked his community supervision, and sentenced him to eight years’ confinement.

In one point, Appellant contends that his due process rights under Article I, Sections 19 and 29 of the Texas Constitution were violated when his probation was revoked under article 42.12, section 5(b) of the Texas Code of Criminal Procedure and that article 42.12, section 5(b) is facially unconstitutional because it denies probationers due process.  
To the extent that Appellant is complaining that the statute is unconstitutional as applied to him, he has failed to preserve his complaint in the trial court by making an objection or getting a ruling.
(footnote: 2)
 To the extent that he raises a facial challenge, the Texas Court of Criminal Appeals has explained,

A facial challenge to a statute is the most difficult challenge to mount successfully because the challenger must establish that no set of circumstances exists under which the statute will be valid.  Since a statute may be valid as applied to one set of facts and invalid as applied to another, “it is incumbent upon the (appellant) to show that in its operation the statute is unconstitutional as to him in his situation; that it may be unconstitutional as to others is not sufficient.”  

This rule conforms with the criterion for standing to challenge the facial constitutionality of a statute as enunciated by the Supreme Court of the United States:

A party has standing to challenge the constitutionality of a statute only insofar as it has an adverse impact on his own rights.  As a general rule, if there is no constitutional defect in the application of the statute to a litigant, he does not have standing to argue that it would be unconstitutional if applied to third parties in hypothetical situations.
(footnote: 3)
 Appellant must therefore demonstrate that article 42.12, section 5(b) was unconstitutionally applied to him.  But in his brief, Appellant states that

[h]e does not mean to say that [the trial court] abused the statute, but as presently interpreted a trial court could, in theory, revoke the probations of all blue-eyed probationers on the ground that he or she preferred brown-eyed probationers, . . . and the probationer would have no recourse. . . . The government has always been recognized as providing a neutral decision-maker[,] one who is not improperly biased against the individual and guided by principles of fairness.  To be sure, [A]ppellant does not suggest that [the trial court] lacks those qualities . . . .

At the hearing, Appellant pled true to the State’s allegation that he had violated various conditions of his community supervision.  Specifically, he testified that he had consumed alcoholic beverages, had used computers, had left the county without permission, and had been to the library, all in violation of the conditions.  Accordingly, the evidence is sufficient to support the revocation.
(footnote: 4)
 Appellant therefore has failed to show that the trial court’s decision to proceed to adjudication in his case was based on anything other than sufficient evidence.  By failing to show that the statute was unconstitutionally applied to him, Appellant also failed to establish the standing necessary to successfully raise a facial challenge to the statute; consequently, his facial challenge to the statute must also fail.  We overrule Appellant’s sole point and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 22, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. R. App. P.
 33.1(a); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004);
 Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
,
 
526 U.S. 1070 (1999).

3:
Santikos v. State
, 836 S.W.2d 631, 633-34 (Tex. Crim. App.) (op. on reh’g), 
cert. denied
, 506 U.S. 999 (1992).

4:
See Moore v. State
, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); 
Sanchez v. State
, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).