

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00244-CR

**JOE WILBUR WHITE, JR.,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 07-05150-CRF-272

## MEMORANDUM OPINION

A jury convicted Joe Wilbur White, Jr. of possession of a prohibited weapon, namely a short-barrel shotgun. The trial court sentenced White to ten years in prison, suspended imposition of sentence for ten years, and placed him on community supervision. In two points of error, White contends that: (1) sections 46.01 and 46.05 of the Penal Code are unconstitutional; and (2) the trial court erred by denying his motion for directed verdict. We affirm.

**CONSTITUTIONALITY OF SECTIONS 46.01 and 46.05**

In his first point, White maintains that sections 46.01 and 46.05 of the Penal Code are facially unconstitutional due to vagueness.

A statute is void for vagueness if it fails to define the criminal offense "with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not permit arbitrary and discriminatory enforcement." *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007). A facial challenge to a statute is the most difficult challenge to mount successfully because the challenger must establish that no set of circumstances exists under which the statute will be valid. *Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992). Since a statute may be valid as applied to one set of facts and invalid as applied to another, "it is incumbent upon the [appellant] to show that in its operation the statute is unconstitutional as to him in his situation; that it may be unconstitutional as to others is not sufficient." *Id*.

Section 46.05 provides that a person commits an offense if he intentionally or knowingly possesses a short-barrel firearm. TEX. PEN. CODE ANN. § 46.05(a)(3) (Vernon Supp. 2008). A "short-barrel firearm" is defined as a "rifle with a barrel length of less than 16 inches or a *shotgun with a barrel length of less than 18 inches*, or any weapon made from a shotgun or rifle if, as altered, it has an overall length of less than 26 inches." TEX. PEN. CODE ANN. § 46.01(10) (Vernon Supp. 2008) (emphasis added).

White argues that these provisions fail to explain how the barrel should be measured, leaving "the statute to be enforced in an arbitrary manner." Specifically, a short-barrel firearm could be found compliant if measured one way and yet be found

non-compliant if measured another way.  That scenario is not present in this case.

Police measured the barrel of the 12-gauge pump shotgun with a tape measure and

found its length to be 15 3/4 inches.  At trial, Sergeant Brett Boswell measured the

barrel with a dowel and found its length to be 16 1/4 inches.  As the State points out,

both lengths fall below the legal 18-inch minimum; thus, White has not shown that the

statutes are unconstitutional as to him in his situation.  *See Santikos*, 836 S.W.2d at 633.

We, therefore, overrule point one.

## DENIAL OF MOTION FOR DIRECTED VERDICT

In point two, White challenges the denial of his motion for directed verdict,

arguing that a fatal variance exists between the indictment and the evidence at trial.

A complaint about a trial court's failure to grant a motion for directed verdict is a

challenge to the legal sufficiency of the evidence.  *See Canales v. State*, 98 S.W.3d 690, 693

(Tex. Crim. App. 2003); *see also Long v. State*, 137 S.W.3d 726, 736 (Tex. App.—Waco

2004, pet denied).  Under legal sufficiency review, we look at all the evidence in the

light most favorable to the verdict to determine whether any rational trier of fact could

have found the essential elements of the offense beyond a reasonable doubt.  *Jackson v.*

*Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Bigon v. State*,

252 S.W.3d 360, 366 (Tex. Crim. App. 2008).

When faced with a legal insufficiency claim based upon a variance between the

indictment and the proof, only a material variance will render the evidence insufficient.

*Gollihar v. State,* 46 S.W.3d 243, 257 (Tex. Crim. App. 2001).  Allegations giving rise to an

immaterial variance may then be disregarded in a hypothetically correct jury charge but

allegations giving rise to material variances must be included. *Id.* A variance is material if the indictment (1) failed to inform the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial, or (2) does not describe the offense clearly enough to protect the defendant from being subjected to the risk of later prosecution for the same crime. *Id.*

The indictment alleged that White "intentionally or knowingly possess[ed] a short barrel firearm, to-wit: a shotgun with a sawed off barrel measuring 15 3/4 inches." At trial, the evidence showed the barrel length as 16 1/4 inches.

White argues that this variance is material and prejudiced his substantial rights. We disagree. The indictment specifically alleged the elements of the offense: intentional or knowing possession of a short-barrel firearm, namely a shotgun. *See* TEX. PEN. CODE ANN. § 46.05(a)(3). A short-barrel shotgun is defined by statute as one with a barrel length of less than eighteen inches. *See* TEX. PEN. CODE ANN. § 46.01(10). The record does not suggest that White was confused about the offense with which he was charged or that his ability to prepare a defense was impaired. He was charged with possessing a short-barrel shotgun with a barrel length less than eighteen inches and this is what the evidence showed. Nor is White in any danger of being prosecuted again for the same crime. The variance is immaterial. *See Flenteroy v. State*, 187 S.W.3d 406, 411 (Tex. Crim. App. 2005) (Finding "variance between the indictment's allegation of a 'screwdriver' and the State's proof at trial of 'a hard metal-like object'" immaterial); *see also Gollihar*, 46 S.W.3d at 258 (Finding variance between indictment alleging one go-cart model number and the evidence showing another model number immaterial).

Although the record shows that the actual barrel length is 16 1/4 inches rather than 15 3/4 inches as alleged in the indictment, the evidence at trial established that the barrel length of the shotgun was within the prohibited range. The jury could have found beyond a reasonable doubt that White committed the offense of possession of a prohibited weapon, namely a short-barrel shotgun with a barrel length less than eighteen inches. *See Jackson*, 443 U.S. at 318-19, 99 S. Ct. at 2789; *see also Bigon*, 252 S.W.3d at 366. We overrule point two.

The judgment is affirmed.


                                        FELIPE REYNA
                                        Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Affirmed
Opinion delivered and filed July 1, 2009
Do not publish
[CR25]