**STATE of Texas, Appellant,**

v.

**RIVER FOREST DEVELOPMENT COMPANY, Appellee.**

No. 01–09–00252–CR.

Court of Appeals of Texas, Houston (1st Dist.).

March 18, 2010.

Roger Haseman, Assistant District Attorney, Richmond, TX, for appellant.

John D. Perches, Wharton, TX, for appellee.

Panel consists of Justices JENNINGS, HANKS, and BLAND.

## OPINION

JANE BLAND, Justice.

After real estate developer Lawrence Siller burned piles of timber in connection with a landclearing operation, the State of Texas charged River Forest Development Company (River Forest) and Siller, its principal, by information with the misdemeanor offense of unlawful outdoor burning, a violation of section 111 of the Texas Administrative Code, issued pursuant to section 7.002 of the Texas Water Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 382.011 (Vernon 2004); TEX. WATER CODE ANN. § 7.002 (Vernon 2000); TEX. ADMIN. CODE § 111.201 (2004). River Forest and Siller moved to quash the indictments on the basis that the outdoor burning regulations promulgated by the Texas Commission on Environmental Quality (TCEQ) pursuant to the Texas Clean Air Act were unconstitutionally vague. After a hearing, the trial court granted the motions to quash.

The State appeals this ruling, contending that the trial court erred in concluding that the regulation's ban on outdoor burning except "when no practical alternative to burning exists" is not vague and complies with constitutional due process requirements. We reverse and remand the case for trial.

## BACKGROUND

River Forest, acting through Siller, hired a contractor to help clear some right-of-ways in a heavily-wooded fifty-acre tract located along the Brazos River in Fort Bend County. In connection with the landclearing operation, Siller decided the most expedient way to dispose of the large

trees was to burn them and directed the contractor accordingly. Siller burned twenty large piles of timber over a two-week period.

At the hearing on the motions to quash, Siller testified that he believed that he could burn on his own property and had been doing so for years. Siller contacted the Fort Bend County fire marshal to inform him of the burning plan, and the fire marshal gave him a copy of the TCEQ requirements. Siller reviewed the requirements, but admittedly did not contact the TCEQ before beginning the burn in December 2006.

The State learned about the burning and, by information, charged that Siller and River Forest,

> on or about June 2006, did then and there intentionally or knowingly cause, allow, or permit outdoor burning within the State of Texas in violation of Title 30, Administrative Code Rule § 111.201, and the outdoor burning was not authorized by the Executive Director of the Texas Commission on Environmental Quality, nor was the outdoor burning authorized by any exception contained in Title 30, Texas Administrative Code Rule § 111.

River Forest and Siller moved to quash the informations, contending that the legal provision underlying the charges was unconstitutionally vague. After a hearing on the motions, the trial court signed orders quashing the informations.

## DISCUSSION

### *Void for vagueness challenge*

 The State contends that the trial court erred in quashing the informations as unconstitutionally vague. We review de novo a trial court's ruling on a motion to

quash. *State v. Moff,* 154 S.W.3d 599, 601 (Tex.Crim.App.2004).

■ All criminal laws must give fair notice as to what activity is made criminal so that the people have fair warning of what is forbidden. *Bynum v. State,* 767 S.W.2d 769, 774 (Tex.Crim.App.1989). Defendants have a constitutional right to be informed of the nature and cause of the accusation against them. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. The Texas Constitution requires that the charging instrument provide fair notice, in plain and intelligible language, of the act or omission alleged. *See* TEX. CONST. art. I, § 10; *Riney v. State,* 28 S.W.3d 561, 565 (Tex.Crim.App.2000).

■ We begin our review of a challenge to a statute's constitutionality with the presumption that the statute is valid and the legislature has not acted unreasonably or arbitrarily in enacting it. *Rodriguez v. State,* 93 S.W.3d 60, 69 (Tex.Crim. App.2002); *Ex parte Granviel,* 561 S.W.2d 503, 511 (Tex.Crim.App.1978). If a statute does not substantially implicate constitutionally protected conduct or speech, it is valid unless it is impermissibly vague in all applications. *State v. Holcombe,* 187 S.W.3d 496, 499 (Tex.Crim.App.) (citing *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 495, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982)), *cert. denied,* 549 U.S. 824, 127 S.Ct. 176, 166 L.Ed.2d 41 (2006).

■ We apply a two-part inquiry to determine if a criminal statute is unconstitutionally vague. To overcome a vagueness challenge, a criminal statute must define the offense (1) with sufficient specificity that ordinary people can understand what actions are prohibited, and (2) in a manner that does not permit arbitrary and discriminatory enforcement. *See Holcombe,* 187 S.W.3d at 499. Either the lack of notice or lack of guidelines for law enforcement constitutes an independent ground for finding a statute void for vagueness. *Adley v. State,* 718 S.W.2d 682, 685 (Tex. Crim.App.1985).

■■ A party challenging the constitutionality of a statute bears the burden "to show that in its operation the statute is unconstitutional to him in his situation; that it may be unconstitutional to others is not sufficient." *Bynum,* 767 S.W.2d at 774; *see Santikos v. State,* 836 S.W.2d 631, 633 (Tex.Crim.App.1992); *Rodriguez v. State,* 47 S.W.3d 86, 88 (Tex. App.-Houston [14th Dist.] 2001, pet. ref'd); *accord Howeth Invs., Inc. v. City of Hedwig Village,* 259 S.W.3d 877, 903–04 (Tex.App.-Houston [1st Dist.] 2008, pet. denied) (quoting *In re Commitment of Fisher,* 164 S.W.3d 637, 655 (Tex.2005)). Courts must decide constitutional issues narrowly based on the precise facts of the case, not on speculative or hypothetical injuries. *In re C.M.D.,* 287 S.W.3d 510, 515 (Tex.App.-Houston [14th Dist.] 2009, no pet.); *Tex. Dep't of Family & Prot. Servs. v. Dickensheets,* 274 S.W.3d 150, 155 (Tex.App.-Houston [1st Dist.] 2008, no pet.); *see Corwin v. State,* 870 S.W.2d 23, 29 (Tex.Crim.App.1993) ("That there may be marginal cases in which it is difficult to determine the side of the line on which a particular fact situation falls is no sufficient reason to hold language too ambiguous to define a criminal defense"; if defendant's conduct falls within "core" conduct proscribed by criminal statute, then statute is constitutional to that defendant); *Bynum,* 767 S.W.2d at 774 (pointing out that hypotheticals are of no value in examining vagueness challenge).

■ The parties disagree about the stringency of the defendant's burden to prove vagueness. River Forest and Siller, relying on *Connally v. General Construction Co.,* contend that the prohibited conduct "must be so clearly expressed that

the ordinary person can intelligently choose, in advance, what course it is lawful for him to pursue." 269 U.S. 385, 393, 46 S.Ct. 126, 128, 70 L.Ed. 322 (1926). They take exception to the State's reliance on *Bynum v. State* for the proposition that a statute meets the due process standard so long as the "ordinary, law-abiding individual received sufficient information that his or her conduct risked violating a criminal law." 767 S.W.2d 769, 773 (Tex.Crim.App. 1989), *cited in Griffin Indus., Inc. v. State*, 171 S.W.3d 414, 417 (Tex.App.-Corpus Christi 2005, pet. ref'd). Since deciding *Connally*, the United States Supreme Court has applied the standard enunciated in *Connally* to reject other regulatory challenges, like the one River Forest and Siller bring here, when the condition at issue is narrowly defined. *See Papachristou v. City of Jacksonville*, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). "In the field of regulatory statutes governing business activities, where the acts limited are in a narrow category, greater leeway is allowed." *Id.* at 163, 92 S.Ct. at 844. *Connally* stands for the proposition that a citizen must receive fair notice of unlawful conduct.

Because statutes are presumed constitutional, a defendant who attacks that presumption should raise a void-for-vagueness challenge as an affirmative defense to enforcement of the statute at trial. *Id.; see also State v. Scott*, 460 S.W.2d 103, 107 (Tex.1970). Here, River Forest and Siller properly raised their challenge to the constitutionality of the statute in their motions to quash, contending that certain outdoor burning provisions in the Texas Clean Air Act were unconstitutional because they failed to give proper notice to the public about what conduct constitutes an offense and what conduct is lawful. The trial court held a hearing on the issue and sought additional briefing on the issue from the parties.

### The Texas Outdoor Burning Regulations

Outdoor burning is unlawful in the State of Texas except as specifically provided. 30 TEX. ADMIN. CODE § 111.201 (Vernon 2004). The exception at issue in this case is that for disposal fires, including land-clearing. The applicable provision provides that legal burning includes

on-site burning of trees, brush, grass, leaves, branch trimmings, or other plant growth, by the owner of the property or any other person authorized by the owner, and when the material is generated only from that property: ... in a county that is part of a designated nonattainment area or that contains any part of a municipality that extends into a designated nonattainment area; if the plant growth was generated as a result of right-of-way maintenance, landclearing operations, and maintenance along water canals when no practical alternative to burning exists.

30 TEX. ADMIN. CODE § 111.209(4)(A) (2004). The Code defines "practical alternative" as "an economically, technologically, ecologically, and logistically viable option." 30 TEX. ADMIN. CODE § 111.203(4) (2004).

### Motions to Quash

River Forest and Siller's motions to quash attacked the "statute underlying the charge" as a whole, but their constitutional challenge focuses on whether the regulation's term "practical alternative" and its definition provide sufficient notice of the conduct subject to criminal prosecution. The State contends that the regulation is valid and that River Forest and Siller committed an offense because (1) they failed to contact the TCEQ to obtain an exception for their outdoor burning, and (2) River Forest and Siller are familiar with the

rules and terms used in outdoor burning from their experience in the landclearing industry, and therefore had notice as to what conduct constituted an offense.

In considering the State's first contention, we look to the plain language of Chapter 30 of the Texas Administrative Code in effect on the date of the charged offense. Section 111.209(4) provides that:

> When possible, the notification of intent to burn should be made to the appropriate commission regional office prior to the proposed burn.... Commission notification or approval is not required.

30 TEX. ADMIN. CODE § 111.209(4). The challenged provision does not require an entity to obtain approval from the TCEQ before acting under a statutory exception to the outdoor burning prohibition; it only urges the entity to do so when possible. The hortatory term does, however, cut against River Forest and Siller's constitutional challenge. *See Village of Hoffman Estates*, 455 U.S. at 498, 102 S.Ct. at 1193 (explaining that economic regulation is subject to less stringent vagueness test, because its subject matter is often more narrow and because "the regulated enterprise may have the ability to clarify the meaning of the regulation by its own inquiry, or by resort to an administrative process.").[1]

We next consider the State's second contention that the term "practical alternative" as used in the Texas Administrative Code gave Siller and River Forest notice concerning the kind of conduct that violates the provision. According to the State, the statute is not unconstitutionally vague because, as developers, River Forest and Siller were aware of the TCEQ requirements and familiar with its rules, and understood the challenged term but opted to disregard it.

A regulation's use of terms like "practical" or "practicable," is not fatal to a regulation's constitutionality even if the term is left undefined. *See Sproles v. Binford*, 286 U.S. 374, 393, 52 S.Ct. 581, 587, 76 L.Ed. 1167 (1932) (holding that use of terms "nearest practicable common carrier receiving or loading point" and "shortest practicable route to destination," in statute limiting net loads of trucks operating over state highway, did not render statute too vague to be understood); *see also Ahearn v. State*, 588 S.W.2d 327, 338 (Tex.Crim.App.1979) (observing that even when statute contains undefined terms, lack of definition, standing alone, does not render statute unconstitutional). Here, the TCEQ defines "practical alternative," explaining that it is "an economically, technologically, ecologically, and logistically viable option." 30 TEX. ADMIN. CODE § 111.203(4). River Forest and Siller admitted that they had a copy of the outdoor burning regulations but did not contact the

---

1. We also observe that, several years before the burning incident, the Field Operations Division of the Texas Natural Resource Conservation (now the TCEQ) published a handbook concerning the outdoor burning regulations specifically for public use. *See* Outdoor Burning in Texas (RG–49, revised Nov. 2000), available at *http://www.nmenv.state.nm.us/aqb/projects/openburn/TX-OBguiderule.pdf* (last accessed Jan. 14, 2010). The Frequently Asked Questions section contains a section on landclearing that states the following:

> *I have some uncleared property inside city limits that I would like to develop. Hauling the trees and brush off would not be prac-*tical *because it is too expensive. May I dispose of the trees and brush by burning?* Unless the county or municipal government has enacted ordinances that permit burning consistent with state law, this situation does not meet any of the exceptions to the prohibition on outdoor burning. You may need to consider alternatives such as chipping or trench burning. If there is no practical alternative, you may request written permission from the TNRCC for authorization to burn. Such requests are evaluated on a case-by-case basis. Contact the appropriate TNRCC regional office for guidance. *Id.* at 10.

TCEQ for clarification even though it was possible to do so before beginning the burn. Further, Siller explained in his testimony to the trial court that he considered "logistics and costs" in determining whether a practical alternative to burning existed, and did not claim any lack of understanding about the requirement that he also take into consideration whether an alternative to outdoor burning is technologically or ecologically viable.[2] In light of the statute, Siller considered and rejected alternatives like hauling and trench burning. Siller's testimony does not support a conclusion that an ordinary individual would fail to understand the law because it was too vague in describing the conduct it sought to deter. The record thus does not overcome the presumption that laws passed by the Legislature are constitutional.

Although they have asserted a viable statutory defense of practicality to urge acquittal at trial, River Forest and Siller have failed to meet the requisite burden for their facial constitutional challenge based on vagueness. We thus hold that the trial court erred in granting their motions to quash.

### CONCLUSION

We hold that the Texas Clean Air Act's outdoor burning regulation exception to criminal sanction for fires when "no practical alternative to burning exists" is not unconstitutionally vague. Accordingly, we reverse the judgment of the trial court and remand the case for trial.

---

**2.** River Forest and Siller have not made any contention or presented any evidence under the second prong of the vagueness inquiry— that law enforcement officers arbitrarily applied the regulation to their conduct. *See*

*Adley v. State*, 718 S.W.2d 682, 685 (Tex.(Tex. Crim.App.App.1985)); *State v. Fry*, 867 S.W.2d 398, 403 (Tex.App.-Houston [1st Dist.] 1993, no pet.). We therefore do not consider it.