**Opinion issued February 12, 2026.**



In the

# Court of Appeals

for the

# First District of Texas

_____

## NO. 01-24-00334-CR
_____

**MARK STEVEN VIROVATZ, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Court at Law No. 1**
**Galveston County, Texas**
**Trial Court Case No. MD-0414438**

---

## OPINION

Pro se appellant Mark Steven Virovatz voluntarily entered a plea of *nolo contendere* to the class B misdemeanor offense of driving while intoxicated. *See* TEX. PENAL CODE § 49.04. Following appellant's plea, the trial court entered a judgment of conviction finding appellant guilty of the offense, assessing punishment

at three days in county jail, and imposing a fine of $3,000 as required by section 709.001 of the Texas Transportation Code. In his two issues, appellant challenges the constitutionality of section 709.001's mandatory fine. We affirm.

## Background

On November 1, 2023, appellant was charged by information with operating a motor vehicle in a public place while intoxicated. On March 28, 2024, appellant voluntarily entered an oral and written plea of *nolo contendere* to the class B misdemeanor offense of driving while intoxicated in exchange for the State's recommended sentence of three days in county jail with credit for time served. The punishment for that offense is "a fine not to exceed $2,000," "confinement in jail for a term not to exceed 180 days," or both. TEX. PENAL CODE § 12.22 (prescribing punishment for class B misdemeanor); *see* TEX. PENAL CODE § 49.04(b) (defining offense as class B misdemeanor). In addition, if convicted, sections 521.341 and 521.344 of the Texas Transportation Code require an automatic suspension of the defendant's driver's license for "not less than 90 days or more than one year." TEX. TRANSP. CODE §§ 521.341, 521.344(a)(2)(A). Section 709.001 of the Texas Transportation Code also imposes a mandatory $3,000 fine "in addition to the fine prescribed" for the offense of which appellant was convicted. *Id.* § 709.001. The trial court accepted appellant's plea, finding him guilty of the class B misdemeanor of driving while intoxicated and assessing punishment at three days in county jail,

2

suspension of appellant's driver's license for 90 days, and a $3,000 fine.[1] The trial court ordered that the $3,000 fine be paid in monthly installments of $100.

At the plea hearing, appellant objected on the record to the imposition of the $3,000 fine, arguing that section 709.001 of the Texas Transportation Code is unconstitutional. Appellant argued that section 709.001 (1) violates the separation-of-powers clause of the Texas Constitution because it removes discretion from both prosecutors who negotiate plea agreements and judges who determine sentences, (2) is unconstitutionally vague, and (3) puts appellant in "double jeopardy." The trial court overruled the objections and orally pronounced the $3,000 fine as part of the sentence. The trial court entered a judgment of conviction that conformed to the orally pronounced sentence. That same day, the court entered a "Certification of Defendant's Right of Appeal," which appellant signed, certifying that "this criminal case . . . is a plea-bargain case, and the defendant has NO right of appeal . . . *or* . . . the defendant has waived the right of appeal."

---

[1] The judgment of conviction states that the assessed fines amount to $3,100. However, the trial court waived $100 of fines. In orally pronouncing appellant's sentence, the trial court stated that appellant's fines were $3,000. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) ("[F]ines generally must be orally pronounced in the defendant's presence." (citing TEX. CRIM. PROC. CODE art. 42.03, § 1(a); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004))). To the extent the written judgment conflicts with the oral pronouncement, "the oral pronouncement controls." *Taylor*, 131 S.W.3d at 500 (citation modified).

On April 29, 2024, appellant timely filed a notice of appeal. *See* TEX. R. APP. P. 26.2(a)(1) (requiring notice of appeal to be filed "within 30 days after the day sentence is imposed"). On July 15, 2024, the State filed a motion to dismiss this appeal, arguing that the trial court did not certify that appellant has the right of appeal as required by rule 25.2(d) of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 25.2(d). We denied the motion to dismiss, abated the appeal, and remanded the case to the trial court for further proceedings. We directed the trial court to conduct a hearing on the record and make findings clarifying: (1) whether there was an agreement between the State and appellant regarding a punishment recommendation and, if so, the terms of that agreed recommendation; (2) whether the trial court's punishment exceeded the agreed punishment recommendation; and (3) whether the trial court granted appellant permission to appeal. On remand, the trial court conducted a hearing, made findings on the record, issued written findings, and executed a new certification regarding appellant's right of appeal.

Following receipt of the supplemental clerk's record, we reinstated the appeal.

## Trial Court's Certification of Right of Appeal

In the new "Trial Court's Certification of Defendant's Right of Appeal"— which is a pre-prepared form with blank spaces to be filled in or marked, as appropriate—the trial court selected the statement that read: "this criminal case . . . is a plea-bargain case, but matters were raised by written motion filed and ruled on

4

before trial and not withdrawn or waived, and the defendant has the right of appeal." Another option on the form was a statement indicating that this "is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal"; the trial court did not mark that statement. However, at the hearing on remand, the trial court orally granted permission to appeal. The trial court's written findings of fact also state: "The Trial Court grants Appellant permission to appeal."

This Court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d). Here, we previously abated this appeal and remanded to the trial court for further proceedings on this very issue. In an oral pronouncement and in written findings of fact, the trial court granted appellant permission to appeal. The State, which filed its brief after receipt of the post-remand record and reinstatement of this appeal, did not challenge appellant's permission to appeal based on the post-remand record. We find that the trial court granted appellant permission to appeal and we need not remand once more for further proceedings on that issue. *See Richardson v. State*, No. 02-15-00271-CR, 2016 WL 6900901, at *7 (Tex. App.— Fort Worth Nov. 23, 2016, pet. ref'd) (mem. op., not designated for publication) (finding trial court granted permission to appeal based on oral pronouncement despite contradictory statement in pre-prepared certification of appeal form); *cf.*

*Grice v. State*, 162 S.W.3d 641, 645 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (finding appellant did not waive right of appeal based on on-the-record exchange and certification over "surplusage statement" included in judgment).

**Constitutionality of Section 709.001 of Texas Transportation Code**

In two issues, appellant contends that section 709.001 of the Texas Transportation Code is unconstitutional. That statute imposes a set of mandatory fines for conviction of an "offense relating to the operating of a motor vehicle while intoxicated" depending on the number of prior convictions, if any, and the defendant's "alcohol concentration level." TEX. TRANSP. CODE § 709.001(b); *see* TEX. PENAL CODE § 49.09(c)(1) (defining "offense relating to the operating of a motor vehicle while intoxicated"). Appellant argues that section 709.001 is unconstitutional because: (1) the mandatory nature of the fine violates the separation-of-powers clause of the Texas Constitution by removing a judge's discretion to determine punishment and a prosecutor's ability to negotiate a plea agreement and (2) the statute is unconstitutionally vague by failing to specify when the mandatory fine must be paid and whether the trial court has discretion to shorten that time period or order the fine paid in installments. The State responds that the statute (1) does not violate the separation-of-powers clause because the legislature constitutionally exercised its power to prescribe punishments and (2) is not unconstitutionally vague when harmonized with the Texas Code of Criminal

6

Procedure, which grants trial courts discretion to determine when a defendant must pay fines and costs.

## A.     Standard of Review

The constitutionality of a criminal statute is a question of law that we review de novo. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). The party challenging the statute bears the burden of establishing its unconstitutionality. *Peraza v. State*, 467 S.W.3d 508, 514 (Tex. Crim. App. 2015). Whether considering a facial or as-applied challenge, "we presume that the statute is valid and that the Legislature has not acted unreasonably or arbitrarily" unless the contrary is clearly shown. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002) (citing *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978)); *Estes v. State*, 546 S.W.3d 691, 698 (Tex. Crim. App. 2018); *see* TEX. GOV'T CODE § 311.021 ("In enacting a statute, it is presumed that . . . compliance with the constitutions of this state and the United States is intended . . . ."). We must uphold the statute if we can apply a reasonable construction that will render the statute constitutional. *Ely v. State*, 582 S.W.2d 416, 419 (Tex. Crim. App. [Panel Op.] 1979); *Allen v. State*, 570 S.W.3d 795, 802 (Tex. App.—Houston [1st Dist.] 2018), *aff'd*, 614 S.W.3d 736 (Tex. Crim. App. 2019); *Maloney v. State*, 294 S.W.3d 613, 626 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (analyzing constitutionality of statute facially and as applied to appellant).

**B. Analysis**

**1. Separation of powers**

Because appellant does not contend that section 709.001 of the Texas Transportation Code violates the separation-of-powers clause specifically as applied to him, we construe his argument as a facial challenge to the statute. *See Estes*, 546 S.W.3d at 697-98 ("In a facial constitutional challenge, the claimant asserts that the complained-of law is unconstitutional on its face, meaning that it operates unconstitutionally in all of its potential applications." (citation modified)). When challenging a statute as facially unconstitutional, "a party must establish that the statute always operates unconstitutionally in all possible circumstances." *State v. Rousseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013) (citations modified); *Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992) ("A facial challenge to a statute is the most difficult challenge to mount successfully because the challenger must establish that no set of circumstances exists under which the statute will be valid.").

Article II, section 1 of the Texas Constitution enshrines the separation-of-powers doctrine and states:

> The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: those which are Legislative to one, those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these

departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

TEX. CONST. art. II, § 1. This provision may be violated in one of two ways. "First, it is violated when one branch of government assumes, or is delegated, *to whatever degree,* a power that is more properly attached to another branch." *Armadillo Bail Bonds v. State*, 802 S.W.2d 237, 239 (Tex. Crim. App. 1990) (citation modified). Second, it is violated "when one branch *unduly* interferes with another branch so that the other branch cannot *effectively* exercise its constitutionally assigned powers." *Id*. (citation modified).

The legislative power of the state is vested in the Texas Legislature. TEX. CONST. art. III, § 1. The legislature "possesses the sole authority to establish criminal offenses and designate applicable penalties." *Martinez v. State*, 323 S.W.3d 493, 501 (Tex. Crim. App. 2010) (citation modified); *see Matchett v. State*, 941 S.W.2d 922, 932 (Tex. Crim. App. 1996) (noting that legislature's power includes deciding when sentence of death is appropriate penalty). The judicial power of the state is vested in the courts and includes "the power to execute the judgment or sentence." *Kelley v. State*, 676 S.W.2d 104, 107 (Tex. Crim. App. 1984). A court's discretion to assess punishment must fall within "legislatively prescribed boundaries." *Barrow v. State*, 207 S.W.3d 377, 381 (Tex. Crim. App. 2006); *see Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) ("A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal."); *Ibarra v. State*,

177 S.W.3d 282, 284 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (concluding sentence was void for failure of trial court to orally pronounce fine in appellant's presence where statute required both confinement *and* fine).

In 2019, the legislature created additional mandatory penalties for individuals convicted of an "offense relating to the operating of a motor vehicle while intoxicated." TEX. TRANSP. CODE § 709.001(b). Any person "finally convicted" of such an offense "*shall* pay a fine." *Id.* (emphasis added). For "the first conviction within a 36-month period," the required fine is $3,000. *Id.* § 709.001(b)(1). The parties cite no case law directly analyzing whether section 709.001 violates the separation-of-powers clause, and we have found none.[2] Thus, whether the mandatory fine provided in section 709.001 violates the Texas Constitution's separation-of-powers clause appears to be an issue of first impression.

---

[2]     After the State filed its brief in this appeal, the Corpus Christi-Edinburg court of appeals issued an unpublished opinion addressing whether a fine imposed under section 709.001 of the Texas Transportation Code was "illegal." *Gilbert v. State*, No. 13-24-00530-CR, 2025 WL 2355179, at *3 (Tex. App.—Corpus Christi-Edinburg Aug. 14, 2025, no pet.) (mem. op., not designated for publication). The appellant contended further that section 709.001 is unconstitutional because the $3,000 fine is disproportionate to the offense committed and that it violates the separation-of-powers clause of the Texas Constitution, but the appellant failed to preserve those arguments for appellate review. *Id.* at *2. The court of appeals held that the sentence was not illegal because "[t]he sentence . . . has been legislatively authorized" pursuant to the legislature's constitutional power to define crimes and prescribe penalties. *Id.* at *3.

Appellant points to no authority suggesting that the legislature's prescription of mandatory fines "assumes" or "unduly interferes with" a power constitutionally assigned to the judiciary. Appellant relies instead on *Armadillo Bail Bonds* and *Ex parte Lo*, 424 S.W.3d 10 (Tex. Crim. App. 2013). In neither *Armadillo Bail Bonds* nor *Ex parte Lo* did the Texas Court of Criminal Appeals consider the constitutionality of a mandatory fine. The court of criminal appeals considered the constitutionality of statutes that suspended a court's power to enter a final judgment. *Armadillo Bail Bonds*, 802 S.W.2d at 238-39; *Ex parte Lo*, 424 S.W.3d at 29. Importantly, unlike the power to prescribe criminal penalties, which is assigned to the legislature, *Martinez*, 323 S.W.3d at 501, the power "to enter a final judgment" is a "core judicial power," and the legislature "unduly interferes" with that power when it imposes a timeframe during which a court must refrain from entering a final judgment. *Ex parte Lo*, 424 S.W.3d at 29. Nothing in *Armadillo Bail Bonds* or *Ex parte Lo* suggests that the legislature "unduly interferes" with any judicial power by prescribing mandatory fines for certain offenses. Although courts have discretion when assessing punishment, that discretion is cabined by "legislatively prescribed boundaries." *Barrow*, 207 S.W.3d at 381; *see Morano v. State*, 572 S.W.2d 550, 551 (Tex. Crim. App. [Panel Op.] 1978) ("When a defendant waives a jury, the trial [court] judge has discretion to assess the punishment *within the range provided by law* which he finds appropriate in the circumstances." (emphasis added)).

11

Despite appellant's contrary contention, the mandatory nature of section 709.001's fine is not unique. The legislature has prescribed mandatory punishments for other offenses. *See, e.g.*, TEX. PENAL CODE § 12.42(c)(2) ("[A] defendant *shall* be punished by imprisonment . . . for life if . . . ." (emphasis added)); TEX. CRIM. PROC. CODE art. 102.0185(a) ("[A] person convicted of [certain offenses] . . . *shall* pay a fine of $100 on conviction of the offense." (emphasis added)). Statutes mandating life or life-without-parole sentences do not violate the separation-of-powers clause because "the authority to define crimes and prescribe penalties for those crimes is vested exclusively with the legislature." *Moore v. State*, 54 S.W.3d 529, 543 (Tex. App.—Fort Worth 2001, pet. ref'd) (citing *Matchett*, 941 S.W.2d at 932; *State ex rel. Smith v. Blackwell*, 500 S.W.2d 97, 104 (Tex. Crim. App. 1973)); *cf. Wilson v. State*, 348 S.W.3d 32, 43-44 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (holding that mandatory life-without-parole sentence did not unconstitutionally usurp power from Texas Board of Pardons and Paroles), *vacated on other grounds*, 568 U.S. 802 (2012); *Moland v. State*, No. 01–10–00869–CR, 2012 WL 403885, at *9 (Tex. App.—Houston [1st Dist.] Feb. 9, 2012, pet. ref'd) (mem. op., not designated for publication) (same).

Appellant's arguments are no different from those raised in *Moore*. In *Moore*, as here, the appellant contended that a "mandatory punishment violates the separation of powers clause of the Texas Constitution because it is beyond the power

12

of the legislature to mandate a punishment . . . ." 54 S.W.3d at 543. The court of appeals rejected the argument that the legislature's prescription of a mandatory punishment—life imprisonment—"infringes upon or unduly interferes with the rightful role of the judiciary in assessing punishment in a criminal case." *Id.* The legislature has exclusive "authority to define crimes and prescribe penalties for those crimes." *Id*. The court of appeals concluded that the legislature has the authority to prescribe life imprisonment as the punishment where a defendant is convicted of burglary of a habitation with intent to commit a sexual offense and has been previously convicted of a felony sexual offense, and thus, the mandatory penalty did not violate the separation of powers of the Texas Constitution. *Id.*

Here, appellant was convicted of an offense subject to section 709.001's mandatory $3,000 fine. TEX. TRANSP. CODE § 709.001(b) (imposing fine for an "offense relating to the operating of a motor vehicle while intoxicated"); *see* TEX. PENAL CODE § 49.09(c)(1) (defining "offense relating to the operating of a motor vehicle while intoxicated"). Because the legislature does not violate the separation of powers when it exercises its exclusive authority to prescribe punishments, the trial court had no discretion to impose a punishment outside the "legislatively prescribed boundaries" of section 709.001. *Cf. Gilbert v. State*, No. 13-24-00530-CR, 2025 WL 2355179, at *3 (Tex. App.—Corpus Christi-Edinburg Aug. 14, 2025, no pet.) (mem. op., not designated for publication) (holding that mandatory fine imposed under

13

section 709.001 was not "illegal" sentence where legislature "exercised its constitutional power" to create penalties).

Appellant also argues, without citation to any authority, that section 709.001 violates the Texas Constitution's separation-of-powers clause because it removes prosecutors' discretion to negotiate plea agreements. Prosecutors belong to the judicial branch of our state government. *Meshell v. State*, 739 S.W.2d 246, 253 (Tex. Crim. App. 1987) ("By establishing the office of county attorney under Article V, the authors of the Texas Constitution placed those officers within the Judicial department."); *Wilson*, 348 S.W.3d at 43-44 (conducting separation-of-powers analysis and concluding prosecutors fall within judicial branch); *see* TEX. CONST. art. V, § 21 (vesting county attorneys with power to "represent the State in all cases in the District and inferior courts in their respective counties" and allowing legislature to vest such power in "district attorneys"). Because prosecutors belong to the judicial branch, the result is the same: The legislature's exercise of its exclusive power to prescribe criminal penalties does not assume or unduly interfere with any judicial power.[3] The power to define offenses and determine penalties belongs to the

---

[3]     Although the *Meshell* court acknowledged that "some duties of county and district attorneys might more accurately be characterized as executive in nature," the distinction is unnecessary "because the instant case involves a conflict between the Legislative and Judicial departments." *Meshell v. State*, 739 S.W.2d 246, 253 n.9 (Tex. Crim. App. 1987). In any event, we are bound by *Meshell*, which concluded that county and criminal district attorneys fall "within the Judicial department" in the context of a separation-of-powers challenge to a statute. *Id.* at 253.

legislature, not the judiciary. We hold that section 709.001 does not violate the separation-of-powers clause of the Texas Constitution.

## 2. Vagueness

Because section 709.001 does not implicate activity protected by the First Amendment, we consider only whether the statute is impermissibly vague as applied to appellant. *Ex parte Barton*, 662 S.W.3d 876, 880 (Tex. Crim. App. 2022). We first "consider whether the statute is vague as applied to a defendant's conduct before considering whether the statute may be vague as applied to the conduct of others." *Wagner v. State*, 539 S.W.3d 298, 314 (Tex. Crim. App. 2018) (citing *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 (1982)).

A penal statute is void for vagueness "if its prohibitions are not clearly defined." *State v. Holcombe*, 187 S.W.3d 496, 499 (Tex. Crim. App. 2006). A statute is unconstitutionally vague if (1) "it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute" or (2) "it encourages arbitrary and erratic arrests and convictions." *Goocher v. State*, 633 S.W.2d 860, 865 (Tex. Crim. App. [Panel Op.] 1982); *State v. River Forest Dev. Co.*, 315 S.W.3d 128, 131 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (citing *Holcombe*, 187 S.W.3d at 499). A statute is not impermissibly vague "merely because the words or terms used are not specifically defined." *Bynum v. State*, 767 S.W.2d 769, 774 (Tex. Crim. App. 1989) (citation modified). Rather, we must read

the words or phrases of the statute in the context in which they are used. *Id*. (citing TEX. GOV'T CODE § 311.011(a)). Undefined terms are given their plain and ordinary meaning. *State v. Gambling Device*, 859 S.W.2d 519, 522 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (citing *Floyd v. State*, 575 S.W.2d 21, 23 (Tex. Crim. App. [Panel Op.] 1978)). When the statute is clear and unambiguous, the legislature must be understood to mean what it has expressed, and we give the statute its plain meaning unless such a reading would lead to absurd results. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991) (citation modified); *McMillian v. State*, 388 S.W.3d 866, 871-72 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

> Section 709.001(b) of the Texas Transportation Code reads:
>
> Except as provided by Subsection (c), in addition to the fine prescribed for the specific offense, a person who has been finally convicted of an offense relating to the operating of a motor vehicle while intoxicated shall pay a fine of:
>
> (1) $3,000 for the first conviction within a 36-month period;
>
> (2) $4,500 for a second or subsequent conviction within a 36-month period; and
>
> (3) $6,000 for a first or subsequent conviction if it is shown on the trial of the offense that an analysis of a specimen of the person's blood, breath, or urine showed an alcohol concentration level of 0.15 or more at the time the analysis was performed.

TEX. TRANSP. CODE § 709.001(b). Appellant does not contend that the statute fails to give him fair notice that his conduct—operating a motor vehicle while intoxicated—is prohibited or that the penalty for his conduct is $3,000. He also does

16

not contend that the statute "encourages arbitrary and erratic arrests and convictions." *Goocher*, 633 S.W.2d at 865. Rather, he complains only that the time period—36 months—is vague because it fails to provide notice of when the fine must be paid or when the 36-month period begins to run.

We disagree with appellant's interpretation of section 709.001. Read as a whole, section 709.001 prescribes a system of tiered penalties for driving-while-intoxicated convictions based on (1) the number of convictions in the past 36 months or (2) regardless of the number of convictions, the defendant's alcohol concentration level at the time of a sample's analysis. The 36-month period in the statute is not, as appellant contends, a reference to when the applicable fine must be paid. For example, subsection 709.001(b)(3) does not include a time period at all because one is not necessary. Unlike the fines prescribed by subsections (b)(1) and (b)(2), the $6,000 fine in subsection (b)(3) applies to all convictions ("first or subsequent") if the requisite condition is satisfied. Appellant points to no statute in which the legislature has prescribed the time period within which penal fines are to be paid, and we have found none.[4]

---

[4] Elsewhere in the Texas Transportation Code, the legislature has prescribed penalties triggered by the number of convictions in a defined time period. *See, e.g.*, TEX. TRANSP. CODE § 521.292(a)(8) (requiring the Department of Public Safety to suspend a person's driver's license if "the department determines that the person . . . is under 18 years of age and has been convicted of two or more moving violations committed *within a 12-month period*" (emphasis added)); *id.* § 522.081(a)(1)(A) (disqualifying a commercial driver's license holder from driving a commercial

The interpretation of section 709.001 as a tiered-penalty statute is buttressed by article 42.15 of the Texas Code of Criminal Procedure. Under article 42.15, when imposing a fine, the trial court has the discretion to direct a defendant to pay (1) "the entire fine and costs when sentence is pronounced," (2) "the entire fine and costs at some later date," or (3) "a specified portion of the fine and costs at designated intervals." TEX. CODE CRIM. PROC. art. 42.15(b). Article 42.15 makes it unnecessary for the legislature to prescribe a time period in which to pay a criminal fine under section 709.001 or any other statute. Here, the trial court exercised its discretion under the Texas Code of Criminal Procedure to direct appellant to "pay a specified portion of the fine . . . at designated intervals." TEX. CODE CRIM. PROC. art. 42.15(b)(3). That discretion is not inconsistent with section 709.001, which does not prescribe the time in which the fine can or must be paid. Accordingly, section 709.001 is not impermissibly vague.

## Conclusion

We affirm the judgment of the trial court.

Amparo "Amy" Guerra
Justice

Panel consists of Justices Guerra, Caughey, and Dokupil.

---

motor vehicle for "60 days if convicted of . . . two serious traffic violations that occur *within a three-year period*"). We have found no challenges to these statutes as impermissibly vague.

18

Publish. TEX. R. APP. P. 47.2(b).